<table>
<tr><td>
**ill in this information to identify the case:**

United States Bankruptcy Court for the <u>District of Delaware</u>

Case number (*if known*): _____ Chapter <u>11</u>
</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy      06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | Cano Health, Inc. |
| **2.** | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | N/A |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | 98-1524224 |

**4.   Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 9725    NW 117th Avenue<br>Number   Street | <br>Number          Street |
| | P.O. Box |
| Miami          Florida          33178<br>City          State          ZIP Code | <br>City          State          ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Miami-Dade<br>County | <br>Number      Street |
| | <br>City          State      ZIP Code |

| | | |
|---|---|---|
| **5.** | **Debtor's website** (URL) | https://www.canohealth.com |
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

| Debtor | Cano Health, Inc. | Case number (if known) | 24-_____ ( ) |
|---|---|---|---|
| | Name | | |

**7.  Describe debtor's business**

A. *Check one:*

☒ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply:*

☐ Tax- exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

6211 - Offices of Physicians

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first subbox. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11**. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes    District _____  When _____  Case number _____
                                                    MM/ DD/ YYYY

              District _____  When _____  Case number _____
                                                    MM / DD/ YYYY

| Debtor | Cano Health, Inc. | | Case number (if known) | 24-____ ( ) |
|---|---|---|---|---|
| | Name | | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes   Debtor _See Schedule 1_   Relationship _See Schedule 1_
District _Delaware_   When _February 4, 2024_
Case number, if known _____   MM / DD/ YYYY

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street
_____
City          State          ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
Contact Name _____
Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

(on a consolidated basis with all affiliated debtors)

☐ 1-49   ☐ 1,000-5,000   ☐ 25,001-50,000
☐ 50-99   ☐ 5,001-10,000   ☐ 50,001-100,000
☐ 100-199   ☐ 10,001-25,000   ☒ More than 100,000
☐ 200-999

| Debtor | Cano Health, Inc. | Case number (if known) | 24-_____ ( ) |
|---|---|---|---|
| | Name | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **15. Estimated assets** <br> (on a consolidated basis with all affiliated debtors) | ☐ $0-$50,000 <br> ☐ $50,001-$100,000 <br> ☐ $100,001-$500,000 <br> ☐ $500,001-$1 million | ☐ $1,000,001-$10 million <br> ☐ $10,000,001-$50 million <br> ☐ $50,000,001-$100 million <br> ☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion <br> ☒ $1,000,000,001-$10 billion <br> ☐ $10,000,000,001-$50 billion <br> ☐ More than $50 billion |

| | | | | | | |
|---|---|---|---|---|---|---|
| **16. Estimated liabilities** <br> (on a consolidated basis with all affiliated debtors) | ☐ $0-$50,000 <br> ☐ $50,001-$100,000 <br> ☐ $100,001-$500,000 <br> ☐ $500,001-$1 million | ☐ $1,000,001-$10 million <br> ☐ $10,000,001-$50 million <br> ☐ $50,000,001-$100 million <br> ☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion <br> ☒ $1,000,000,001-$10 billion <br> ☐ $10,000,000,001-$50 billion <br> ☐ More than $50 billion |

| | |
|---|---|
| ■ | **Request for Relief, Declaration, and Signatures** |

**WARNING** — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- ■ I have been authorized to file this petition on behalf of the debtor.

- ■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  February 4, 2024
MM / DD/ YYYY

✗  /s/ Mark Kent                                    Mark Kent
Signature of authorized representative of         Printed name
debtor

Authorized Signatory
Title

**18. Signature of attorney**

✗  /s/ Michael J. Merchant              Date  February 4, 2024
Signature of attorney for debtor              MM / DD / YYYY

Michael J. Merchant                      Gary T. Holtzer
Printed Name

Richards, Layton & Finger, P.A.          Weil, Gotshal & Manges LLP
Firm Name

One Rodney Square, 920 North King Street    767 Fifth Avenue
Address

Wilmington, Delaware 19801               New York, New York 10153
City/State/Zip

(302) 651-7700                           (212) 310-8000
Contact Phone

merchant@rlf.com                         gary.holtzer@weil.com
Email Address

3854                    Delaware
Bar Number             State

**Schedule 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). The Debtors will file a motion with the Court requesting their chapter 11 cases be consolidated for procedural purposes only and jointly administered under the case number assigned to the chapter 11 case of Cano Health, Inc.

| COMPANY |
| --- |
| Cano Health, Inc. |
| Primary Care (ITC) Intermediate Holdings, LLC |
| Cano Health, LLC |
| Cano Health Nevada Network, LLC |
| Cano Occupational Health, LLC |
| American Choice Healthcare, LLC |
| Cano PCP Wound Care, LLC |
| Cano Personal Behavior LLC |
| Cano PCP, LLC |
| Cano Behavior Health LLC |
| Cano Belen, LLC |
| Cano Health New Mexico LLC |
| Complete Medical Billing and Coding Services, LLC |
| Cano Health of Puerto Rico LLC |
| Cano Health of Florida, LLC |
| Cano Health CA1 MSO LLC |
| Comfort Pharmacy 2, LLC |
| Cano Medical Center of West Florida, LLC |
| CH Dental Administrative Services LLC |
| DGM MSO, LLC |
| Cano Research LLC |
| Cano PCP MSO, LLC |
| Cano HP MSO, LLC |
| ACH Management Services, LLC |
| CHPR MSO LLC |
| Orange Healthcare Administration, LLC |

| COMPANY |
|---|
| Orange Care Group South Florida Management Services Organization, LLC |
| Orange Accountable Care Organization of South Florida LLC |
| Orange Accountable Care Organization, LLC |
| American Choice Commercial ACO, LLC |
| Orange Care IPA of New York, LLC |
| Orange Care IPA of New Jersey, LLC |
| Total Care ACO, LLC |
| Cano Health CA1, LLC |
| Cano Health Illinois 1 MSO, LLC |
| Solis Network Solutions, LLC |
| Physicians Partners Group Merger, LLC |
| Physicians Partners Group Puerto Rico, LLC |
| Physicians Partners Group of FL, LLC |
| PPG Puerto Rico Blocker, Inc. |
| Physicians Partners Group Puerto Rico, LLC |
| Cano Health Illinois Network, LLC |
| Cano Pharmacy, LLC |
| IFB Pharmacy, LLC |
| Belen Pharmacy Group, LLC |
| University Health Care Pharmacy, LLC |
| Cano Health New York, IPA, LLC |
| Clinical Research of Hollywood, P.A. |

Official Form 201A (12/15)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
                                      :
In re                                 :        Chapter 11
                                      :
CANO HEALTH, INC.,                    :        Case No. 24– _____ (    )
                                      :
                    Debtor.           :
                                      :
------------------------------------------------------------ x
```

### Attachment to Voluntary Petition for
### Non-Individuals Filing for Bankruptcy under Chapter 11

1.      If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 001-39289.

2.      The following financial data is the latest available information.

a.   Total assets (as of September 30, 2023)        $1,211,931,000

b.   Total debts (including debts listed in 2.c., below)
     (as of September 30, 2023)        $1,471,032,000

c.   Debt securities held by more than 500 holders        N/A

|  |  |  |  | Approximate number of holder |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | N/A |
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | N/A |
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | N/A |
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | N/A |

d.   Number of shares of preferred stock
     (as of January 25, 2024)        0

e.   Number of shares common stock (Class A)
     (as of January 25, 2024)        4,747,566

f.   Number of shares common stock (Class B)
     (as of January 25, 2024)        661,834

Comments, if any: _____

3.      Brief description of debtor's business:  Cano Health, Inc. is an independent primary care physician group.

4.      List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

ITC Rumba, LLC                    Approx. 16 %
Robert Camerlinck                 Approx. 8.2 %

**RESOLUTIONS ADOPTED AT A MEETING OF**
**THE BOARD OF DIRECTORS OF**
**CANO HEALTH, INC.**

The members of the Board of Directors (the "**Board**") of Cano Health, Inc., a Delaware corporation ("**Cano Health**" or the "**Company**"), in accordance with Section 141(c)(4) of the Delaware General Corporation Law and pursuant to Article II, Section 11 of the Company's By-laws, adopt the following resolutions as of February 4, 2024:

> **WHEREAS**, the Company has, with the assistance of legal and financial advisors, been conducting a review of strategic alternatives to recapitalize, refinance or otherwise optimize its capital structure;

> **WHEREAS**, the Board previously delegated to a special Finance Committee, consisting of 3 independent members of the Board (the "**Finance Committee**"), certain responsibilities, powers, and authority to, among other things, evaluate, explore, negotiate, and make recommendations to the Board with respect to the exploration of financing alternatives and the evaluation of certain strategic alternatives for Cano Health and its subsidiaries, including but not limited to, a refinancing of all or any portion of Cano Health's existing indebtedness, or other restructuring transactions, filings or transactions otherwise designed to address Cano Health's liquidity constraints;

> **WHEREAS**, the Finance Committee has recommended to the Board that the Board authorize and approve the actions set forth below, including the filing by the Company of a voluntary petition seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

> **WHEREAS**, the Board has reviewed and had the opportunity to ask questions about the materials presented by management and the Company's legal and financial advisors regarding the liabilities and liquidity of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses;

> **WHEREAS**, the Board has had the opportunity to consult with management and the Company's legal and financial advisors to fully consider, and has considered, each of the strategic alternatives available to the Company; and

> **WHEREAS**, the Board believes that taking the actions set forth below are in the best interests of the Company and its stakeholders and, therefore, desires to adopt, authorize, and approve the following resolutions:

**I.    Commencement of Chapter 11 Case**

> **NOW, THEREFORE, BE IT**

> **RESOLVED**, that the Board has determined, after consultation with management and the Company's legal and financial advisors, that it is desirable and in the best interests of the

Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of the Bankruptcy Code; and be it further

**RESOLVED**, that, subject to finalization and approval of the Restructuring Support Agreement (as defined below), the Chief Executive Officer of Cano Health, Interim Chief Financial Officer of Cano Health, Chief Operating Officer of Cano Health, and General Counsel and Chief Compliance Officer of Cano Health, or each such officer's designees (each, an "**Authorized Person**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, with full power of delegation, and directed to negotiate, execute, deliver, and file, in the name and on behalf of the Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, and other documents (the "**Chapter 11 Filings**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

**RESOLVED**, that each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to take and perform any and all further acts and deeds which such Authorized Person deems necessary, appropriate, or desirable in connection with the Company's chapter 11 case (the "**Chapter 11 Case**") or Chapter 11 Filings, including, without limitation, (i) the payment of fees, expenses and taxes such Authorized Person deems necessary, proper, or desirable, and (ii) negotiating, executing, delivering, performing, and filing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with the Chapter 11 Case, with a view to the successful prosecution of such Chapter 11 Case (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

## II.   Restructuring Support Agreement

**RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interests of the Company to enter into a Restructuring Support Agreement (the "**Restructuring Support Agreement**") and the Board hereby delegates authority to Board members Carol Flaton and Angel Morales (the "**Authorized Board Members**") to review and approve the final form, terms, and provisions of the Restructuring Support Agreement as the Authorized Board Members deem advisable, appropriate, necessary or in the best interest of the Company; and be it further

**RESOLVED**, that, subject to approval by the Authorized Board Members, the form, terms, and provisions of the Restructuring Support Agreement, and all the exhibits annexed thereto, together with such changes therein and additions thereto as any Authorized Person, who may act without the joinder of any other Authorized Person, executing the same may deem necessary or appropriate, and the execution, delivery, and performance thereof and the consummation of the transactions contemplated thereunder by the Company are hereby authorized, approved, and declared advisable and in the best interests of the Company, with such changes therein and additions thereto as any Authorized Person, who may act without the joinder of any other

Authorized Person, executing the same may deem necessary or appropriate, it being acknowledged that the execution of the Restructuring Support Agreement and such other documents, agreements, instruments, notices, filings, and certificates as may be required or contemplated by the Restructuring Support Agreement, as applicable, shall be conclusive evidence of the approval thereof; and be it further

**RESOLVED**, that, subject to approval by the Authorized Board Members, any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform the obligations arising under, the Restructuring Support Agreement, substantially in the forms approved by the Authorized Board Members, together with such changes therein and additions thereto as any Authorized Person, who may act without the joinder of any other Authorized Person, executing the same may deem necessary or appropriate, and with such other documents, agreements, instruments, notices, filings, and certificates as may be required by the Restructuring Support Agreement; and be it further

**RESOLVED**, that, subject to approval by the Authorized Board Members, any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Restructuring Support Agreement and/or any related documents which shall, in such Authorized Person's sole judgment, be, necessary, proper or advisable (the execution and delivery of any such amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions being conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

## III.    <u>Debtor-in-Possession Financing</u>[1]

**RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interests of (i) in the case of Cano Health, LLC, a Florida limited liability company and a debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code (the "**Borrower**"), to enter into and obtain loans, (ii) in the case of the Company and each of its direct and indirect subsidiaries (other than the Borrower) (collectively, the "**DIP Guarantors**"), to guarantee the Borrower's obligations under the DIP Credit Agreement (as defined below), and (iii) in the case of the Company and its direct and indirect subsidiaries, to consummate the transactions under that certain Credit Agreement (as may be amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "**DIP Credit Agreement**"), consisting of a superpriority, senior-secured, term loan credit facility in the aggregate principal amount of up to $150 million (the "**DIP Financing**"), by and among the Borrower, Primary Care (ITC) Intermediate Holdings, LLC, a Delaware limited liability company and a debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code ("**Holdings**"), each lender from time to time party thereto (the "**DIP Lenders**"), and Wilmington Savings Fund Society, FSB, as administrative agent and collateral agent (in such capacity, together with its successors and permitted assigns, the "**DIP Agent**" and collectively with the DIP Lenders, the "**DIP Secured**

---

[1]    Capitalized terms used in this section with respect to the DIP Financing (as defined herein) and not otherwise defined herein shall have the meanings set forth in the DIP Credit Agreement (as defined herein).

**Parties**"), subject to approval by the Bankruptcy Court, which financing is necessary and appropriate to the conduct of the business of the Company during the Chapter 11 Case; and be it further

       **RESOLVED**, that the Board hereby delegates authority to the Authorized Board Members to review and approve the final form, terms, and provisions of the DIP Financing, including the DIP Credit Agreement and DIP Documents (as defined below) as the Authorized Board Members deem advisable, appropriate, necessary or in the best interest of the Company; and be it further

       **RESOLVED**, that, subject to approval by the Authorized Board Members, the approval the terms and provisions of and the execution and delivery of the DIP Credit Agreement and the Additional DIP Documents (as defined below) (collectively, the "**DIP Documents**") by the Company and the consummation by the Company of the transactions contemplated thereunder, including (i) in the case of the Borrower, the borrowing of funds under the DIP Credit Agreement, (ii) in the case of the DIP Guarantors, the guaranty of the obligations thereunder as provided in the DIP Documents, (iii) the grant of a security interest in and liens upon, mortgage, collateral assignment, hypothecation or pledge of substantially all of the Company's assets, whether now owned or hereafter acquired, in favor of the DIP Secured Parties securing the obligations under the DIP Credit Agreement, (iv) the filing by the DIP Agent of UCC financing statements and other filings or recording documents or instruments with respect to the collateral that may be required, necessary, appropriate, desirable, or advisable to perfect the security granted and (v) the terms and provisions of and the execution, delivery and performance of all other agreements, DIP Documents, and/or all other related documents constituting exhibits to the DIP Credit Agreement or that may be required, necessary, convenient, appropriate, desirable or advisable to be executed or delivered pursuant to the DIP Credit Agreement or otherwise related thereto, including, without limitation, (a) any other Loan Document and (b) all certificates, notices, filings and other documents and agreements constituting exhibits to or required by the DIP Documents (each an "**Additional DIP Document**" and collectively, the "**Additional DIP Documents**"), the making of the representations and warranties in the DIP Credit Agreement and the Additional DIP Documents and compliance with the covenants under the DIP Credit Agreement and the Additional DIP Documents and the assumption of any obligations under and in respect of any of the foregoing, are hereby authorized and approved in all respects, and that each of the Chief Executive Officer of Cano Health, the Interim Chief Financial Officer of Cano Health, and the Chief Operating Officer of Cano Health (each, an "**Authorized DIP Executive**"), each of whom may act without the joinder of any other person, is hereby severally authorized, empowered, and directed, in the name and on behalf of the Company, to negotiate, approve and review the DIP Credit Agreement and each Additional DIP Document to which the Company is a party, including with respect to any changes or additions thereto as any such Authorized DIP Executive, in their sole discretion, may deem necessary, convenient, appropriate, advisable, or desirable, and following such approval, any Authorized DIP Executive or any officer of the Company (each, a "**DIP Authorized Person**"), each of whom may act without the joinder of any other DIP Authorized Person, is hereby severally authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver the DIP Credit Agreement and such Additional DIP Documents; and be it further

**RESOLVED**, that, subject to approval by the Authorized Board Members, the form, terms and provisions of each of (i) the DIP Credit Agreement, including the use of proceeds to provide liquidity for the Company throughout the Chapter 11 Case, substantially in the form presented to the Board and (ii) any and all of the Additional DIP Documents, agreements, including, without limitation, any guarantee and security agreement, letters, notices, certificates, documents, filings and instruments authorized, executed, delivered, reaffirmed, verified, and/or filed in connection with the DIP Financing and the performance of obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

**RESOLVED**, that the signature of any DIP Authorized Person to (i) the DIP Credit Agreement and (ii) any Additional DIP Document to which the Company is a party shall be conclusive evidence of the authority of such DIP Authorized Person to execute and deliver the DIP Credit Agreement and/or such Additional DIP Documents to which the Company is a party; and be it further

**RESOLVED**, that each Authorized DIP Executive, who may act without the joinder of any other Authorized DIP Executive, is hereby severally authorized, in the name of and on behalf of the Company, to take all actions (including, without limitation, (i) the negotiation, execution, delivery and filing of any agreement, certificate, instrument, or document (including any mortgage, financing statement, and/or similar document), (ii) the modification, amendment or waiver of, or consent to, any of the terms and conditions of the DIP Credit Agreement and/or any Additional DIP Document to which the Company is a party, (iii) the payment of any consideration and (iv) the payment of indemnitees, fees, costs, expenses, taxes, and other amounts incurred by the Company as any such Authorized DIP Executive, in his or her sole discretion, may deem necessary, convenient, appropriate, desirable, or advisable, and may instruct any DIP Authorized Person to execute and deliver any such instruments or documents (such acts to be conclusive evidence that such Authorized DIP Executive deemed the same to meet such standard)) in order to effect the transactions contemplated under the DIP Credit Agreement and any Additional DIP Document to which the Company is a party, and all acts of any such Authorized DIP Executive or DIP Authorized Person taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified, and confirmed in all respects; and be it further

**RESOLVED**, that, subject to approval of the DIP Financing and DIP Documents by the Authorized Board Members, each Authorized DIP Executive, who may act without the joinder of any other Authorized DIP Executive, be, and hereby is, severally authorized, in the name and on behalf of the Company, to prepare any amendment, waiver, and/or consent under the DIP Credit Agreement and/or any Additional DIP Document to which the Company is a party as may be necessary, convenient, appropriate, desirable, or advisable at any time or from time to time, which amendment, waiver and/or consent may provide for modification or relief under the DIP Credit Agreement and/or any Additional DIP Document to which the Company is a party and may require consent payments, fees, or other amounts payable in connection therewith, and that each DIP Authorized Person be, and hereby is, authorized, in the name and on behalf of the Company, to execute and deliver such amendments, waivers or consents under the DIP Credit Agreement and/or any Additional DIP Document to which the Company is a party as such DIP

Authorized Person shall deem to be necessary, convenient, appropriate, desirable, or advisable, such execution and delivery by such DIP Authorized Person to constitute conclusive evidence of his or her determination and approval of the necessity, convenience, appropriateness, desirability or advisability thereof; and be it further

RESOLVED, that any person dealing with any DIP Authorized Person in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such officer and by his or her execution of any document or agreement, the same shall be valid and binding obligations of the Company enforceable in accordance with their terms; and be it further

RESOLVED, that any current and/or future subsidiary of the Company is authorized, empowered and directed, to the extent applicable, to execute any agreement and/or document as may be contemplated by the DIP Credit Agreement and/or any Additional DIP Document to which the Company is a party; and be it further

## IV.   Retention of Advisors

RESOLVED, that, in connection with the Company's Chapter 11 Case, each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals which such Authorized Person deems necessary, appropriate, or desirable in connection with, or in furtherance of, the Company's Chapter 11 Case, with a view to the successful prosecution of such Chapter 11 Case (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

RESOLVED, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as attorneys for the Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of Houlihan Lokey, Inc., located at 245 Park Ave, 20th Floor, New York, NY 10167, is hereby retained as investment banker for the Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of AlixPartners, LLP, located at 909 Third Ave, New York, NY 10022, is hereby retained as financial advisor for the Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the law firm of Richards, Layton & Finger P.A., located at One Rodney Square, 920 North King St., Wilmington, DE 19801, is hereby retained as attorneys for the Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, located at 51 Madison Ave 22nd floor, New York, NY 10010, is hereby retained as special counsel to the Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that Kurtzman Carson Consultants LLC, located at 222 N. Pacific Coast Highway, 3rd Floor, El Segundo, CA 90245, is hereby retained as claims, noticing, and solicitation agent for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to take and perform any and all further acts and deeds, including, without limitation, (i) the payment of any consideration, (ii) the payment of fees, expenses and taxes such Authorized Person deems necessary, proper, or desirable, and (iii) negotiating, executing, delivering and performing any and all documents, motions, pleadings, applications, declarations, notices, filings, affidavits, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by the foregoing resolutions (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

## V.   General

RESOLVED, that each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to take and perform any and all further acts or deeds, including, but not limited to, (i) the negotiation of such additional agreements, amendments, modifications, supplements, renewals, replacements, consolidations, substitutions, extensions, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (ii) the execution, delivery and filing (if applicable) of any of the foregoing, and (iii) the payment of all fees, consent payments, taxes and other expenses as any such Authorized Person, in their sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to be so necessary, appropriate or desirable; and be it further

RESOLVED, that any and all past actions heretofore taken by any Authorized Person, any director, or any member of the Company, in the name and on behalf of the Company on behalf of, or for the benefit of, the Company or in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

## VI.   Subsidiary Actions

RESOLVED, that the governing bodies (or any sole member or manager, as the case may be) of each of the Company's applicable subsidiaries are authorized to consider and adopt substantially similar resolutions to the resolutions set forth above; and be it further

RESOLVED, that any Authorized Person is hereby authorized and directed to execute, on behalf of the Company in its capacity as member, shareholder, partner or equivalent thereof of any subsidiary of the Company, any stockholder, shareholder, member, partner or similar consent or resolution required or requested by any subsidiary of the Company to authorize

it to take any of the actions contemplated by the Restructuring Support Agreement, including filing of the Chapter 11 Case.

**Fill in this information to identify the case:**

Debtor name: <u>Cano Health, Inc.</u>

United States Bankruptcy Court for the <u>District of Delaware</u>
(State)

Case number (*If known*): <u>24-_____ ( )</u>

☐ Check if this is an
   amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of consolidated creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U.S. Bank National Association, as Trustee Attn.: Christine Robinette, Global Corporate Trust Services West Side Flats 60 Livingston Avenue, EP-MN-WS3C Saint Paul, Minnesota 55107 | Attn.: Christine Robinette, Global Corporate Trust Services Phone: (651) 466-6307 Email: christine.robinette@usbank.com | Unsecured Bonds | Contingent Unliquidated | | | $306,406,250.00 |
| 2 | CD Support LLC Attn.: David Joe 85 Argonaut, Suite 220 Aliso Viejo, California 92656 | Attn.: David Joe Phone: (888) 411-2290 Email: djoe@onsitedental.com | Trade Payable | | | | $5,572,277.50 |
| 3 | Northeast Series of Lockton LLC Attn.: Legal Department 1185 Avenue of the Americas, Suite 2010 New York, New York 10036-2601 | Attn.: Legal Department Phone: (646) 572-7300 Email: northeast-tsa@lockton.com | Trade Payable | | | | $3,357,287.26 |
| 4 | Second Wave Delivery Systems, LLC Attn.: Frederick Leathers 9060 W. Cheyenne Avenue Las Vegas, Nevada 89129 | Attn.: Frederick Leathers Phone: (954) 368-9175 Email: fred.leathers@secondwaveds.com | Trade Payable | | | | $2,294,687.50 |
| 5 | Preferred Care Partners Inc. Attn.: Legal Department 9100 S Dadeland Boulevard, Suite 1250 Miami, Florida 33156-7838 | Attn.: Legal Department Phone: (305) 670-8440 Facsimile: (888) 950-1169 | Trade Payable | | | | $1,134,541.98 |
| 6 | MedCloud Depot LLC Attn.: Legal Department 13155 SW 134th Street, Suite 211 Miami, Florida 33186 | Attn.: Legal Department Phone: (786) 601-4656 Email: invoice@medclouddept.com | Trade Payable | | | | $819,568.94 |
| 7 | The Siegfried Group, LLP Attn.: Roxanne Meyer 1201 North Market Street, Suite 700 Wilmington, Delaware 19801 | Attn.: Roxanne Meyer Phone: (302) 984-1800 Email: ar@siegfriedgroup.com | Professional Services | | | | $565,057.76 |
| 8 | Cushman & Wakefield, Inc. Attn.: Tiffany Hunt 575 Maryville Center Drive Town and Country, Missouri 63141 | Attn.: Tiffany Hunt Phone: (314) 356-2469 Email: tiffany.hunt@cushwake.com | Trade Payable | | | | $538,108.77 |

| Debtor | Cano Health, Inc. | Case number (if known) | 24-_____ ( ) |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9  Trueshore BPO, LLC<br>Attn.: Maria Rufin<br>1700 79th Street Causeway, Suite 120<br>North Bay Village, Florida 33141 | Attn.: Maria Rufin<br>Phone: (305) 902-2338<br>Email: mfrufin@elitehealth.com | Trade Payable | | | | $519,069.30 |
| 10  Navina Technologies Ltd.<br>Attn.: Hila Dalal<br>Menachem Begin 156<br>Tel Aviv, Israel 6492108 | Attn.: Hila Dalal<br>Phone: +524833902<br>Email: hila.ds@navina.ai | Trade Payable | | | | $480,000.00 |
| 11  Enterprise FM Trust<br>Attn.: Legal Department<br>600 Corporate Park Drive<br>St. Louis, Missouri 63105 | Attn.: Legal Department<br>Phone: (877) 233-5338<br>Email: asia.m.loveless@afleets.com | Trade Payable | | | | $364,844.10 |
| 12  Eclinical Works, LLC<br>Attn.: Legal Department<br>2 Technology Drive<br>Westborough, Massachusetts 01581 | Attn.: Legal Department<br>Phone: (508) 836-2700<br>Email: ecwar@eclinicalworks.com | Trade Payable | | | | $357,425.02 |
| 13  RAPID7 LLC<br>Attn.: Nick Sestito<br>120 Causeway Street, Suite 400<br>Boston, Massachusetts 02114 | Attn.: Nick Sestito<br>Phone: (617) 247-1717<br>Email: mocl_sesyoyp@rapid7.com | Trade Payable | | | | $335,484.59 |
| 14  BOF FL Flagler Station LLC<br>Attn.: Legal Department<br>1277 Lenox Park Boulevard, Suite 200<br>Atlanta, Georgia 30319 | Attn.: Legal Department<br>Phone: (404) 907-3100 | Landlord | | | | $315,066.75 |
| 15  Labaton Sucharow LLP<br>Attn.: Legal Department<br>140 Broadway<br>New York, New York 10005 | Attn.: Legal Department<br>Phone: (212) 907-0652<br>Email: info@labaton.com | Professional Services | | | | $305,124.00 |
| 16  Fifth Third Bank<br>Attn.: Julio Ramirez<br>38 Fountain Square Plaza<br>Cincinnati, Ohio 45202 | Attn.: Julio Ramirez<br>Phone: (513) 579-5203<br>Email: julio.ramirez@53.com | Trade Payable | | | | $285,359.94 |
| 17  Freshfields Bruckhaus Deringer US LLP<br>Attn.: Mark Liscio & Scott Talmadge<br>601 Lexington Avenue, 31st Floor<br>New York, New York 10022 | Attn.: Mark Liscio & Scott Talmadge<br>Phone: (212) 277-4000<br>Email: mark.liscio@freshfields.com<br>scott.talmadge@freshfields.com | Agent Fees | | | | $282,290.00 |
| 18  Salesforce.Com, Inc.<br>Attn.: Legal Department<br>415 Mission Street, 3rd Floor<br>San Francisco, California 94105 | Attn.: Legal Department<br>Phone: (415) 901-7000<br>Email: payment@salesforce.com | Trade Payable | | | | $265,219.50 |
| 19  Angeles Food Corp.<br>Attn.: Heidi Perez<br>4245 East 4th Avenue<br>Hialeah, Florida 33013 | Attn.: Heidi Perez<br>Email: elindiobakery@gmail.com | Trade Payable | | | | $263,689.37 |

| Debtor | Cano Health, Inc. | Case number (if known) | 24-_____ ( ) |
| --- | --- | --- | --- |
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 | Lyft, Inc. Attn.: Legal Department 185 Berry Street, Suite 5000 San Francisco, California 94107 | Attn.: Legal Department Phone: (844) 493-9881 Email: accountsreceivable@lyft.com | Trade Payable | | | | $258,864.57 |
| 21 | 2380-90 NW 7 Street LLC Attn.: Ric Arcadi 6924 NW 113th Place Doral, Florida 33178 | Attn.: Ric Arcadi Phone: (440) 725-3762 Email: ric@image1group.com | Landlord | | | | $246,202.42 |
| 22 | 107 Commercial Property LLC Attn.: Myriam Goldsmith 2260 NW 114 Avenue Miami, Florida 33172 | Attn.: Myriam Goldsmith Phone: (305) 903-8936 Email: myriam@dgs.group | Landlord | | | | $244,923.00 |
| 23 | The Wellness Circle Attn.: Jozef Opdeweegh 3785 NW 82nd Avenue, Suite 400-408 Miami, Florida 33166 | Attn.: Jozef Opdeweegh Email: jos@opdeweegh.com | Settlement | | | | $240,000.00 |
| 24 | Coral Reef Medical Group, LLC Attn.: Robert Blanco 30334 Old Dixie Highway Homestead, Florida 33033 | Attn.: Robert Blanco Phone: (786) 243-0149 Email: rblanco@coralreefmedical.com | Trade Payable | | | | $233,772.88 |
| 25 | Milliman Inc. Attn.: Legal Department 3424 Peach Tree Road NE Atlanta, Georgia 30326 | Attn.: Legal Department Email: web_team@milliman.com | Trade Payable | | | | $205,715.00 |
| 26 | VPRE Real Holdings LLC Attn.: Victor Diaz 2719 N. Spaulding Avenue Chicago, Illinois 60647 | Attn.: Victor Diaz Phone: (773) 342-1771 Email: nail@dadecook.com | Landlord | | | | $196,637.00 |
| 27 | Andreas Eliopoulos 2940 W. Catalpa Avenue Chicago, Illinois 60625 | Attn.: Andreas Eliopoulos Phone: (773) 852-0929 Email: andyelio@yahoo.com | Landlord | | | | $185,332.80 |
| 28 | AT&T Attn.: Legal Department 208 S. Akard Street Dallas, Texas 75202 | Attn.: Legal Department Phone: (210) 821-4105 Email: mast@att.com | Utility | | | | $178,148.46 |
| 29 | BDO USA, LLP Attn.: Alexander Binelo 1450 Brickell Avenue Miami, Florida 33131 | Attn.: Alexander Binelo Phone: (305) 373-5500 Email: abinelo@bdo.com | Accounting | | | | $167,819.35 |
| 30 | Regency Centers, L.P. Attn.: Isabel Rua 6840 SW 40th Street, Suite 208 Miami, Florida 33155 | Attn.: Isabel Rua Phone: (305) 493-5226 Email: isabelrua@regencycenters.com | Landlord | | | | $156,038.41 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------- x
                                          :
In re                                     :        Chapter 11
                                          :
CANO HEALTH, INC.,                        :        Case No. 24– _____ (    )
                                          :
              Debtor.                     :
                                          :
-------------------------------------------------------- x
```

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
**PURSUANT TO FED. R. BANKR. P. 1007 AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), attached hereto as **Exhibit A** is an organizational chart reflecting the ownership interests in Cano Health, Inc. and each of its debtor affiliates (each, a "**Debtor**" and collectively, the "**Debtors**") as of the date hereof. The Debtors respectfully represent as follows:

1.      Equity in Cano Health, Inc. is represented by Class A common stock and Class B common stock. The Class A common stock is publicly traded on the NYSE under the symbol "CANO." Class A common stock is widely held and, in the aggregate, represents approximately 67.7% of the voting interests and 100% of the economic interests in Cano Health, Inc. Class B common stock is also widely held and, in the aggregate, represents approximately 32.3% of the voting interests and 0% of the economic interests in Cano Health, Inc. To the best of the Debtors' knowledge and belief, as of the date hereof, no publicly held corporation holds more than 10% of the interests in Cano Health, Inc.

2.      Equity in Primary Care (ITC) Intermediate Holdings, LLC is held as follows: (a) approximately 67.7% economic interest and 100% voting interest held by Cano

Health, Inc., and (b) approximately 32.3% economic interest and 0% voting interest widely held by the holders of Cano Health, Inc. Class B common stock.  To the best of the Debtors' knowledge and belief, as of the date hereof, no publicly held corporation holds more than 10% of the interests in Primary Care (ITC) Intermediate Holdings, LLC, with the exception of Cano Health, Inc., as provided herein.

3.      Primary Care (ITC) Intermediate Holdings, LLC owns 100% of the membership interests in Cano Health, LLC.

4.      Except as set forth below, each of the other Debtors listed in **Exhibit A** is 100% owned by Cano Health, LLC.

5.      Cano Pharmacy, LLC, a wholly-owned subsidiary of Cano Health, LLC, owns 100% of the membership interests in (a) IFB Pharmacy, LLC, (b) Belen Pharmacy Group, LLC, and (c) University Health Care Pharmacy, LLC.

6.      Physicians Partners Group Merger, LLC, a wholly-owned subsidiary of Cano Health, LLC, owns 100% of the membership interests in (a) Physicians Partners Group Puerto Rico, LLC and (b) Physicians Partners Group of FL, LLC.

7.      Physicians Partners Group of FL, LLC, a wholly-owned subsidiary of Physicians Partners Group Merger, LLC, owns 100% of the membership interests in PPG Puerto Rico Blocker, Inc.

8.      PPG Puerto Rico Blocker, Inc., a wholly-owned subsidiary of Physicians Partners Group of FL, LLC, owns 100% of the membership interests in Physicians Partners Group Puerto Rico, LLC.

**<u>Exhibit A</u>**

**Organizational Chart**





**Fill in this information to identify the case:**

Debtor name: _Cano Health, Inc._

United States Bankruptcy Court for the _District of Delaware_

Case number (*If known*): _24-_____ ( ) _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors            12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐ Schedule H: Codebtors (Official Form 206H)

☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐ Amended Schedule _____

☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒ Other document that requires a declaration _Consolidated Corporate Ownership Statement_

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _February 4, 2024_                **X** _/s/ Mark Kent_____
                    MM /DD /YYYY                    Signature of individual signing on behalf of debtor

                                _Mark Kent_____
                                Printed name

                                _Authorized Signatory_____
                                Position or relationship to debtor