**Exhibit 2**

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re : Chapter 11
: 
CANO HEALTH, INC., *et al.*, : Case No. ~~24-_____~~ 24–10164
  (KBO)
: 
Debtors.[1] : (Jointly Administered)
: 
------------------------------------------------------------ x

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 107, AND 521(a)(1)
AND FED. R. BANKR. P. 1007, 9018, AND 9037 (I) AUTHORIZING
IMPLEMENTATION OF PROCEDURES TO PROTECT CONFIDENTIAL
PATIENT INFORMATION AND (II) GRANTING RELATED RELIEF**

Upon the motion, dated February 5, 2024 [Docket No. 11] (the "**Motion**")[2] of Cano Health, Inc. and certain of its subsidiaries, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases, pursuant to sections 105(a), 107, and 521(a)(1) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1007, 9018, and 9037 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 1007-1, 9018-1, and 9037-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Bankruptcy Rules**"), for entry of an order (i) authorizing the implementation of procedures to protect confidential information and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion

---

[1] The last four digits of Cano Health, Inc.'s tax identification number are 4224. A complete list of the Debtors in the chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/CanoHealth. The Debtors' mailing address is 9725 NW 117th Avenue, Miami, Florida 33178.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

and the relief requested therein pursuant to 28 U.S.C. §§ 157 (a)–(b) and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the First Day Declarations and the record of the Hearing; and all objections to the relief requested in the Motion, if any, having been withdrawn, resolved, or overruled; and the Court having determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Claims Agent shall prepare and maintain the Patient Matrix but shall not disclose it to any other person, except as provided herein.

2. The Claims Agent shall prepare and maintain the Patient Schedules but shall not disclose them to any other person, except as provided herein.

3. The Claims Agent shall prepare redacted versions of the Patient Matrix and the Patient Schedules, which shall (a) redact all PHI, including but not limited to, the names, home and email addresses, phone numbers, account numbers, and any unique identifying

numbers of the Patients (except those assigned by the Claims Agent to code data, such as "Patient 1") of current and former Patients; and (b) assign a unique identification number to each of the Patients (the "**Redacted Patient Matrix and Patient Schedules**").

4. The Debtors are authorized to file the Redacted Patient Matrix and Patient Schedules with the Court in accordance with Bankruptcy Rule 1007.

5. The Debtors are authorized to file under seal with the Court the Patient Matrix and Patient Schedules.

6. The unredacted versions of the Patient Matrix and Patient Schedules shall not be made available to any party (other than the Court and those specified in Paragraph 7 of this Order) and may not be filed on the public docket and shall remain under seal until further order of the Court.

7. The Debtors are authorized to make the unredacted versions of the Patient Matrix and Patient Schedules available to (a) this Court, the U.S. Trustee, and counsel to any official committee appointed in these chapter 11 cases, in each case, upon request; (b) any applicable state regulatory agency (through the respective state attorney general); and (c) any other party in interest, but only after this Court, after notice and a hearing, enters an order authorizing such disclosure; *provided*, *that*, any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request.

8. The Debtors are authorized to redact from any document publicly available in these chapter 11 cases the Patients' PHI.

9. If the Debtors serve any paper upon any person listed on the Debtors' Patient Matrix or the Patient Schedules, the Debtors shall note in the respective certificate of

service that the parties served include persons listed on the Patient Matrix or Patient Schedules, as applicable.

10. The Claims Agent shall process Patients' proofs of claim ("**Proofs of Claim**") and, upon request, make available a summary of the total number and amount of all claims filed by Patients against the Debtors, which summary shall exclude any information subject to HIPAA, its associated regulations, and other privacy requirements.

11. The Claims Agent shall make copies of any Proofs of Claim filed by Patients available to the Court for in camera review, and any such Proofs of Claim shall otherwise be maintained by the Claims Agent and the Debtors on a confidential basis and not subject to public dissemination or disclosure and shall remain under seal until further order of the Court.

12. To the extent any Patient discloses his or her own PHI in any pleading, notice, or other publicly available document, the Debtors and their professionals shall be permitted, and to the extent required by the Bankruptcy Code, the Bankruptcy Rules, or any other applicable law, rule, or court order, directed to include such PHI in any subsequent pleading, notice, document, list, or other public disclosure made in connection with these chapter 11 cases, and such disclosure shall not be deemed to be a "wrongful disclosure" within the meaning of HIPAA or any regulation promulgated thereunder.

13. This Order does not apply to any information of Patients that have filed lawsuits against the Debtors, and the Debtors shall disclose information about such Patients as required under the Bankruptcy Rules.

14. Nothing herein precludes a party in interest's right to file a motion requesting that the Bankruptcy Court unseal the information redacted by this Order. The rights

of all parties in these chapter 11 cases to object to the relief set forth in this Order, for any reason, including that the Debtors have not satisfied their burden under section 107(c) of the Bankruptcy Code, are hereby preserved.

15. The Debtors are authorized to take all reasonable actions necessary or appropriate to effectuate the relief granted in this Order.

16. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.