IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------------ x | | |
| In re | : | Chapter 11 |
| | : | |
| **CANO HEALTH, INC.**, *et al.*, | : | Case No. 24-10164 (KBO) |
| | : | |
| | : | (Jointly Administered) |
| **Debtors.**[1] | : | |
| ------------------------------------------------------------ x | | Re: Docket No. 8 |

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 362
AND 105(a) (I) ESTABLISHING NOTIFICATION PROCEDURES
AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF
INTERESTS IN THE DEBTORS AND (II) GRANTING RELATED RELIEF**

Upon the motion, dated February 5, 2024 (Docket No. 8) (the "**Motion**")[2] of Cano Health, Inc. and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 362 and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") for entry of interim and final orders (i) authorizing the Debtors to establish the Stock Procedures (as defined below) to protect the Tax Attributes and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and §1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having

---

[1]  The last four digits of Cano Health, Inc.'s tax identification number are 4224. A complete list of the Debtors in the chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/CanoHealth. The Debtors' mailing address is 9725 NW 117th Avenue, Miami, Florida 33178.

[2]  Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion on an interim basis (the "**Hearing**"); and upon the First Day Declarations and the record of the Hearing; and all objections to the relief requested in the Motion on an interim basis, if any, having been withdrawn, resolved, or overruled; and the Court having determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Rule 6003 of the Federal Rules of Bankruptcy Procedure, and is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis to the extent set forth herein.

2. The provisions of this Interim Order shall be effective as of the Petition Date.

3. The restrictions, notification requirements, and other procedures annexed hereto as **Exhibit 1** (the "**Stock Procedures**") are hereby approved and shall apply on or after the Petition Date to all trading and transfers in the beneficial ownership of Common Stock (including directly or indirectly, and including Options to acquire beneficial ownership of Common Stock), as provided therein; *provided*, *that*, the Debtors may, in consultation with the Ad Hoc First Lien Group, waive, in writing, any and all restrictions, stays, and notification procedures set forth in the Stock Procedures.

4. Until further order of the Court to the contrary, any acquisition, disposition, or trading in the beneficial ownership of Common Stock (including directly or indirectly, and including Options to acquire beneficial ownership of Common Stock) on or after the Petition Date in violation of the Stock Procedures shall be null and void *ab initio* pursuant to the Court's equitable powers under section 105(a) of the Bankruptcy Code.

5. Any person or Entity that acquires, disposes of, or trades in the beneficial ownership of Common Stock (including directly or indirectly, and including Options to acquire beneficial ownership of Common Stock) on or after the Petition Date in violation of this Interim Order or the Stock Procedures or that otherwise fails to comply with their requirements may be subject to such sanctions as the Court may consider appropriate pursuant to the Court's equitable power under section 105(a) of the Bankruptcy Code.

6. The notices substantially in the forms annexed hereto as **Exhibit 2**, **Exhibit 3**, and **Exhibit 4** are hereby approved.

7. Within five (5) business days of the entry of this Interim Order (or as soon as practicable thereafter), the Debtors shall serve the notice of this Interim Order (the "**Notice of Interim Order**") substantially in the form annexed hereto as **Exhibit 5**, via first class mail and email or fax (if applicable), to (i) all parties that were served with notice of the Motion; and (ii) all registered holders of the Debtors' equity securities. All registered holders of the Debtors' equity securities served with the Notice of Interim Order shall be required to serve such notice on any holder for whose benefit such shares are registered. In addition, as soon as practicable after the entry of the Interim Order, the Debtors will publish the Notice of Interim Order once in the national edition of *The Wall Street Journal*. In addition, the Debtors will (i) post the Stock Procedures to the website established by the Debtors' proposed claims and noticing agent,

Kurtzman Carson Consultants LLC, for these chapter 11 cases (which website address shall be identified in the Notice of Interim Order) and (ii) file a Form 8-K with the U.S. Securities and Exchange Commission notifying their investors and other parties of the Stock Procedures, such notice being reasonably calculated to provide notice to all parties that may be affected by the Stock Procedures, whether known or unknown, and no further notice of the Stock Procedures shall be necessary.

8. The Disclosure Parties (as defined in the notices, restrictions, and other procedures) shall keep all information provided in any notices delivered to them pursuant to the procedures set forth herein strictly confidential, to the extent such information has been redacted in the versions of such notices filed with the Court, and shall not disclose the contents thereof to any person except (i) to the extent necessary to respond to a petition or objection filed with the Court, (ii) to the extent otherwise required by law, or (iii) to the extent that the information contained therein is already available to the public; *provided, however,* that the Disclosure Parties may disclose the contents thereof to their attorneys and financial advisors, who shall keep all such notices strictly confidential in the same manner as the Disclosure Parties are required to do, subject to further Court order.  To the extent confidential information is necessary to respond to a petition or objection filed with the Court, such confidential information shall be filed under seal, in accordance with the procedures set forth in Local Bankruptcy Rule 9018-1(d).

9. Nothing herein shall preclude any person or Entity desirous of acquiring or transferring any beneficial ownership of Common Stock (including directly or indirectly, and including Options to acquire beneficial ownership of Common Stock) from requesting relief from this Interim Order from the Court, subject to the Debtors' rights to oppose such relief.

10. The relief granted in this Interim Order is intended solely to permit the Debtors to protect, preserve, and maximize the value of their Tax Attributes; accordingly, other than to the extent that this Interim Order expressly conditions or restricts trading in the beneficial ownership of Common Stock (including directly or indirectly, and including Options to acquire beneficial ownership of Common Stock), nothing in this Interim Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of interests in the Debtors, including in connection with the treatment of any such interests under the Debtors' chapter 11 plan or any applicable bankruptcy court order.

11. Nothing contained in the Motion or this Interim Order, nor any payment made pursuant to the authority granted by this Interim Order, is intended to be or shall be construed as (a) an implication or admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) an agreement or obligation to pay any claims, (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (e) a waiver of the obligation of any party in interest to file a proof of claim, (f) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code, or (g) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

12. Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

13. The requirements set forth in this Interim Order are in addition to the

requirements of applicable securities, corporate and other laws and do not excuse noncompliance therewith.

14. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

15. Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a) and Local Bankruptcy Rule 9013-1(m).

16. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

17. A final hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on **March 7, 2024 at 10:00 a.m. (Eastern Time)** and any objections or responses to the Motion shall be in writing, filed with the Court, and served by no later than **4:00 p.m. (Eastern Time) on February 29, 2024** on the following:

  a. proposed attorneys for the Debtors: (i) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Gary T. Holtzer, Esq. (gary.holtzer@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), Matthew P. Goren, Esq. (matthew.goren@weil.com), and Rachael Foust, Esq. (rachael.foust@weil.com)); and (ii) proposed co-counsel for the Debtors: Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801 (Attn: Michael J. Merchant, Esq. (merchant@RLF.com), and Amanda R. Steele, Esq. (steele@rlf.com));

  b. attorneys for the DIP Agent: ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor New York, NY 10019 (Attn: Jeffrey R. Gleit, Esq. (jeffrey.gleit@afslaw.com));

  c. counsel to the Ad Hoc First Lien Group: Gibson, Dunn & Crutcher LLP, 200 Park Ave, New York, NY 10166 (Attn: Scott J. Greenberg, Esq., Michael J. Cohen, Esq., and Christina M. Brown, Esq.) and and Pachulski, Stang, Ziehl & Jones LLP, 919 North Market Street #1700, Wilmington, Delaware 19801 (Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com) and James O'Neill, Esq. (joneill@pszjlaw.com));

  d. counsel to the Agent under the CS Credit Agreement: Freshfields Bruckhaus Deringer US LLP, 601 Lexington Avenue, New York, NY 10022 (Attn: Mark F. Liscio, Esq. (mark.liscio@freshfields.com) and Scott D Talmadge, Esq. (scott.talmadge@freshfields.com));

    e. counsel to the Agent under the Side-Car Credit Agreement: Proskauer Rose LLP, 70 West Madison, Suite 3800, Chicago, IL 60602 (Attn: Evan Palenschat, Esq. (EPalenschat@proskauer.com));

    f. the Indenture Trustee under the Senior Note Indenture: U.S. Bank National Association, West Side Flats 60 Livingston Ave. EP-MN-WS3C Saint Paul, MN 55107 (Attn: Global Corporate Trust Services); and

    g. the Office of the United States Trustee for the District of Delaware: 844 King Street, Suite 2207, Lockbox 35, Wilmington Delaware 19801 (Attn: Benjamin A. Hackman, Esq. (Benjamin.A.Hackman@usdoj.gov) and Jon Lipshie, Esq. (Jon.Lipshie@usdoj.gov)).

18. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Interim Order.

19. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

**Dated: February 7th, 2024**
**Wilmington, Delaware**

                                          **KAREN B. OWENS**
                                          **UNITED STATES BANKRUPTCY JUDGE**