**<u>EXHIBIT B</u>**

**Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x

                                     :

In re                                 :       **Chapter 11**

                                       :

**CANO HEALTH, INC.**, *et al.*,        :       **Case No. 24–10164 (KBO)**

                                       :

              **Debtors.[1]**            :       **(Jointly Administered)**

                                       :

---------------------------------------------------------- x      Re: Docket No. 6

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), AND 507(a) AND FED. R. BANKR. P. 6003 AND 6004 AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, REIMBURSABLE EXPENSES, AND OTHER OBLIGATIONS ON ACCOUNT OF COMPENSATION AND BENEFITS PROGRAMS AND (B) CONTINUE COMPENSATION AND BENEFITS PROGRAMS IN THE ORDINARY COURSE, AND (II) GRANTING RELATED RELIEF**

Upon the motion, dated February 5, 2024 [Docket No. 6] (the "**Motion**")[2] of Cano Health, Inc. and certain of its subsidiaries, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases, pursuant to sections 105(a), 363, and 507(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of interim and final orders (i) authorizing, but not directing, the Debtors to (a) pay prepetition wages, salaries, reimbursable expenses, and other obligations on account of the Compensation and Benefits Programs in the ordinary course of business and (b) continue to administer the Compensation and Benefits Programs as such were in effect as of the date hereof and as such may be modified, amended, or supplemented from time-to-time in the ordinary course of the Debtors' business, and

---

[1] The last four digits of Cano Health, Inc.'s tax identification number are 4224.  A complete list of the Debtors in the chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/CanoHealth.  The Debtors' mailing address is 9725 NW 117th Avenue, Miami, Florida 33178.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

honor any related administrative costs and obligations arising thereunder and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and §1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion on an interim basis (the "**Hearing**"); and upon the First Day Declarations and the record of the Hearing; and all objections to the relief requested in the Motion on an interim basis, if any, having been withdrawn, resolved, or overruled; and the Court having determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted on an interim basis to the extent set forth herein.

2.      The Debtors are authorized, but not directed, pursuant to sections 105(a), 363(b), and 507(a) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, to pay and honor

all prepetition obligations, including Administrative Fees, on account of the Compensation and

Benefits Programs in amounts not to exceed $13,191,000 in the aggregate on an interim basis.

| Prepetition Obligations | Interim Amounts |
|---|---|
| Employee Compensation | $8,701,000 |
| Supplemental Workforce Compensation | $1,000,000 |
| Withholding Obligations | $2,793,000 |
| Employee Reimbursable Expenses | $137,000 |
| Payroll Processing Fees | $320,000 |
| **Total Employee Compensation Obligations** | $13,031,000 |
| Health Benefits Plans | $157,000 |
| HSA and FSA | $0 |
| Welfare and Benefit Programs | $3,000 |
| Paid Time Off | $0 |
| Employee Stock Purchase Plan | $0 |
| Retirement Plans | $0 |
| **Total Employee Benefit Obligations** | $160,000 |
| **Aggregate Employee Compensation and Benefit Obligations** | $13,191,000 |

3.      The Debtors and any applicable third parties are authorized to continue to

allocate and distribute Deductions and Payroll Taxes to the appropriate third-party recipients or

taxing authorities in accordance with the Debtors' stated policies and prepetition practices.

4.      The Debtors are authorized, but not directed, to continue to administer the

Compensation and Benefits Programs in the ordinary course of business as set forth in this Interim

Order.

5.      The Debtors are authorized, but not directed, to modify, change, and

discontinue any of their Compensation and Benefits Programs and to implement new programs,

policies, and benefits in the ordinary course of business during these chapter 11 cases, in their

discretion and without the need for further Court approval, subject to applicable orders entered in

these chapter 11 cases, any agreements executed in contemplation of these chapter 11 cases, and the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

6.     Notwithstanding any other provision of this Interim Order, nothing in this Interim Order shall authorize the Debtors to make any payment to, or on behalf of, any Employee or Supplemental Worker on account of prepetition wages and other compensation obligations or other prepetition obligations in excess of the statutory caps set forth in sections 507(a)(4) and (5) of the Bankruptcy Code.

7.     Nothing herein shall be deemed to authorize (i) the payment of severance obligations, (ii) the payment of any amounts under the Bonus Programs and any such relief with respect to the Bonus Programs shall be sought pursuant to separate motion of the Debtors; (iii) the Debtors to cash out unpaid Paid Time Off upon termination of an Employee, unless applicable nonbankruptcy law requires such payment, or (iv) the Debtors to make any payment that would violate or permit the violation of section 503(c) of the Bankruptcy Code, including, for the avoidance of doubt, payment of any bonus or severance obligations to or on behalf of any "insider" (as defined by section 101(31) of the Bankruptcy Code); provided that nothing in this Interim Order shall prejudice the Debtors' ability to seek approval of such relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

8.     The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, on account of obligations in connection with the Compensation and Benefits Programs as set forth herein, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases.

4

9.      Each of the Banks at which the Debtors maintain their accounts relating to the payment of the Compensation and Benefits Programs are authorized to (a) receive, process, honor, and pay all checks presented for payment and to honor all funds transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts and (b) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, electronic funds or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of the Court, whether such checks, drafts, wires, electronic funds or automated clearing house transfers are dated before, on, or after the Petition Date, without any duty to inquire otherwise.

10.      The Payroll Processors are authorized to honor and pay all checks presented for payment and electronic payment requests relating to the Compensation and Benefits Programs to the extent directed by the Debtors in accordance with this Interim Order, whether such checks were presented or electronic requests were submitted before or after the Petition Date.

11.      The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds or automated clearing house transfers, and to replace any prepetition checks or electronic fund or automated clearing house transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Interim Order.

12.      Nothing contained in the Motion or this Interim Order, nor any payment made pursuant to the authority granted by this Interim Order, is intended to be or shall be construed as (a) an implication or admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or

5

validity of any claim against the Debtors, (c) an agreement or obligation to pay any claims, (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (e) a waiver of the obligation of any party in interest to file a proof of claim, (f) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code, or (g) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

13.     Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

14.     The requirements of Bankruptcy Rule 6003(b) have been satisfied.

15.     Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a) and Local Bankruptcy Rule 9013-1(m).

16.     Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

17.     A hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on March 7, 2024 at 10:00 a.m. (Eastern Time) and any objections or responses to the Motion shall be in writing, filed with the Court, and served by no later than **4:00 p.m. (Eastern Time) on February 29, 2024** on the following:

a.   proposed attorneys for the Debtors: (i) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Gary T. Holtzer, Esq. (gary.holtzer@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), Matthew P. Goren, Esq. (matthew.goren@weil.com), and Rachael Foust, Esq. (rachael.foust@weil.com)); and (ii) proposed co-counsel for the Debtors: Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801 (Attn: Michael J. Merchant, Esq. (merchant@RLF.com), and Amanda R. Steele, Esq. (steele@rlf.com));

b. counsel to the DIP Agent: ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor New York, NY 10019 (Attn: Jeffrey R. Gleit, Esq. (jeffrey.gleit@afslaw.com));

c. counsel to the Ad Hoc First Lien Group: Gibson, Dunn & Crutcher LLP, 200 Park Ave, New York, NY 10166 (Attn: Scott J. Greenberg, Esq. (SGreenberg@gibsondunn.com), Michael J. Cohen, Esq. (MCohen@gibsondunn.com) and Christina M. Brown, Esq. (christina.brown@gibsondunn.com)) and Pachulski, Stang, Ziehl & Jones LLP, 919 North Market Street #1700, Wilmington, Delaware 19801 (Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com) and James O'Neill, Esq. (joneill@pszjlaw.com);

d. counsel to the Agent under the CS Credit Agreement: Freshfields Bruckhaus Deringer US LLP, 601 Lexington Avenue, New York, NY 10022 (Attn: Mark F. Liscio, Esq. (mark.liscio@freshfields.com) and Scott D Talmadge, Esq. (scott.talmadge@freshfields.com));

e. counsel to the Agent under the Side-Car Credit Agreement: Proskauer Rose LLP, 70 West Madison, Suite 3800, Chicago, IL 60602 (Attn: Evan Palenschat, Esq. (EPalenschat@proskauer.com));

f. Indenture Trustee under the Senior Note Indenture: U.S. Bank National Association, West Side Flats 60 Livingston Ave. EP-MN-WS3C Saint Paul, MN 55107 (Attn: Global Corporate Trust Services); and

g. the Office of the United States Trustee for the District of Delaware: 844 King Street, Suite 2207, Lockbox 35, Wilmington Delaware 19801 (Attn: Benjamin A. Hackman, Esq. (Benjamin.A.Hackman@usdoj.gov) and Jon Lipshie, Esq. (Jon.Lipshie@usdoj.gov)).

18. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Interim Order.

19. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

**Dated: February 6th, 2024**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**