**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **CANO HEALTH, INC.,** *et al* | ) | Case No. 24-10164 (KBO) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**GLOBAL NOTES AND STATEMENTS OF LIMITATION, METHODOLOGY,
AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

**General**

      The Schedules of Assets and Liabilities (collectively, the "**Schedules**") and the Statements of Financial Affairs (collectively, the "**Statements**" and, together with the Schedules, the "**Schedules and Statements**") filed by Cano Health, Inc. and certain of its subsidiaries, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases pending in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), were prepared, pursuant to section 521 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), by the Debtors' management, with the assistance of the Debtors' advisors.

      Although the Debtors' management has made reasonable efforts to ensure the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information available at the time of preparation, inadvertent errors, inaccuracies, or omissions may have occurred and subsequent information or discovery may result in material changes to these Schedules and Statements.

      The Schedules and Statements are unaudited and subject to potential adjustment. Because the Schedules and Statements contain unaudited information and remain subject to further review, verification, and potential adjustment, there can be no assurance these Schedules and Statements are complete. Nothing contained in the Schedules and Statements shall constitute a waiver of any right of the Debtors, and the Debtors reserve all rights, to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected in

---

[1]     The last four digits of Cano Health, Inc.'s tax identification number are 4224. A complete list of the Debtors in the chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/CanoHealth. The Debtors' mailing address is 9725 NW 117th Avenue, Miami, Florida 33178.

the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

The Debtors' management prepared the Schedules and Statements with the assistance of their advisors and other professionals and have necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors and other professionals.  The Schedules and Statements have been signed by Eladio Gil, Interim Chief Financial Officer of the Debtors.  Accordingly, in reviewing and signing the Schedules and Statements, Mr. Gil necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals.  Mr. Gil has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses.

The Schedules and Statements and Global Notes (as defined below) should not be relied upon by any persons for information relating to current or future financial conditions, events, or performances of the Debtors.

These Global Notes and Statements of Limitation, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "**Global Notes**") are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.[2]

**Description of the Cases and Reporting Date**

Beginning on February 4, 2024 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United State Bankruptcy Court for the District of Delaware (the "**Local Bankruptcy Rules**") under Case No. 24-10164 (KBO).  On February 21, 2024, the Office of the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors (the "**Creditors' Committee**").  Additional information about these chapter 11 cases, court filings, and claims information is available on the Debtors' restructuring website: https://kccllc.net/canohealth.

---

[2]    These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements.  The fact that the Debtors have prepared a Global Note with respect to any of the Debtor's individual Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.  Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment.

The information contained in (i) Schedules A/B represents data of the Debtors as of December 31, 2023, except with respect to Part 1, Question 3, which such data represents data of the Debtors as of the Petition Date, and (ii) Schedules D, E, F, G, and H represents data of the Debtors as of the Petition Date (such dates, the "**Reporting Date**").

**Basis of Presentation**

The Debtors prepare consolidated financial statements, which are audited annually. Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("**GAAP**"). Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the consolidated financial statements prepared by the Debtors.

Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the Debtors' books and records. The Debtors attempted to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the particular Debtor entity. However, because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes, rather than reporting by legal entity, it is possible that not all assets, liabilities or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements. Moreover, given the Company has gone through several acquisitions since 2020, there have been limitations related to historical knowledge, which may impact reporting. Accordingly, the Debtors reserve all rights to supplement and/or amend the Schedules and Statements in this regard.

Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent a Debtor shows more assets than liabilities, it is not an admission that the Debtor was solvent as of the Petition Date or at any time prior thereto. Likewise, to the extent a Debtor shows more liabilities than assets, it is not an admission that the Debtor was insolvent at the Petition Date or any time prior thereto.

**Amendment**

While reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements from time to time as is necessary or appropriate.

## General Disclosures Applicable to Schedules and Statements

1.  **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any claims or causes of action. These Global Notes and the Schedules and Statements

shall not be deemed a waiver of any such claims or causes of actions or in any way prejudice or impair the assertion of such claims.

2. **Recharacterization**. The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the assets, liabilities, claims, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, the Debtors may have improperly characterized, classified, categorized, or designated certain items. The Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate.

3. **Claim Designations**. The Debtors reserve all of their rights to dispute, and to assert setoff rights, counterclaims, and defenses to any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, and classification, and to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed."

4. **Unliquidated Claim Amounts**. Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

5. **Undetermined Amounts.** The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

6. **Court Orders.** Pursuant to certain final "first day" orders entered by the Bankruptcy Court (the "**First Day Orders**"), the Debtors were authorized (but not directed) to pay or satisfy, among other things, certain prepetition obligations owing to employees, employment vendors, insurance and surety providers, banks and credit card providers, customers, vendors, and taxing authorities. Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and therefore generally are not listed in the Schedules and Statements. Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are satisfied pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement their Schedules and Statements as is necessary or appropriate.

7. **Valuation**. In many instances, current market valuations are not maintained by or readily available to the Debtors. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, net book values as of the Reporting Date are reflected on the Schedules and Statements. Exceptions to this include operating cash, cash equivalents, and certain other assets. Operating cash is presented as bank balances as of the Petition Date. Certain other assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts, as the net book values may vary materially from fair market values. Amounts ultimately realized may vary from net book value (or other value so ascribed) and such variance may be material. Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

8. **Liabilities.** The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

9. **Excluded Assets and Liabilities**. The Debtors believe that they have identified, but did not necessarily value, all material categories of assets and liabilities in the Schedules and Statements. The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that have been or may be rejected (if any), to the extent such damage claims exist. In addition, certain immaterial assets and liabilities may have been excluded.

10. **Personally Identifiable Information**. In accordance with the relief granted in the *Order Authorizing Implementation of Procedures to Protect Confidential Patient Information* [Docket No. 90] (the "**Patient Confidentiality Order**") and due to the need to protect confidential information and individual privacy, the home addresses of individuals have been redacted from the Schedules and Statements.

11. **Leases**. The Debtors have not included in the Schedules and Statements the future obligations of any operating leases. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.

12. **Contingent Assets**. The Debtors believe that they may possess certain claims and causes of action against various parties. The Debtors may also possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. The Debtors, despite reasonable efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

13. **Receivables**. The Debtors have included only the aggregate book value of accounts receivables and have not listed individual customer receivable balance information as the Debtors consider their customer list to be proprietary and confidential.

14. **Guarantees and Other Secondary Liability Claims**. The Debtors have used reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "**Guarantees**") in their executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Where such Guarantees have been identified, they have been included in the relevant Schedule H for the Debtor or Debtors affected by such Guarantees. However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements may have been inadvertently omitted.

15.     **Intellectual Property Rights**.  Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner; however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

16.     **Executory Contracts**.  The Debtors have not set forth executory contracts as assets in the Schedules and Statements.  The Debtors' executory contracts have been set forth in Schedule G.  In addition, the businesses of the Debtors are complex—the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, but inadvertent errors, omissions, or over-inclusion may have occurred.

17.     **Estimates**.  To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.  The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

18.     **Fiscal Year**.  Each Debtor's fiscal year ends on December 31.

19.     **Property and Equipment**.  Unless otherwise indicated, owned property and equipment are stated at net book value.  The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors.  Any such leases are set forth in the Schedules and Statements. Nothing in the Schedules and Statements is or should be construed as an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to same.

20.     **Claims of Third-Party Related Entities**.  While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to such parties.  Therefore, to the extent the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered disputed, whether or not they are designated as such.

21.     **Interest in Subsidiaries and Affiliates**.  Cano Health, Inc. ("**CHI**") owns the equity interests in Primary Care (ITC) Intermediate Holdings, LLC ("**PCIH**") through 67.72% economic interests and 100% voting interests.  PCIH owns 100% of the membership interests in Cano Health, LLC ("**CH LLC**").  CH LLC directly or indirectly owns 100% of the membership interests in all remaining Debtors. Each Debtor's Schedule A/B Part 4, Question 15.1 or Statement Part 13, Question 25 schedules its ownership interests, if any, in subsidiaries and affiliates.  Assets

such as investments in subsidiaries are listed as undetermined amounts as of the Petition Date because the book values may materially differ from fair market values.

In order for the Debtors to deliver healthcare services to patients in certain markets, the Debtors contracted with entities (the "**Physicians Groups**") that enabled the Debtors to employ healthcare providers to contract with managed care payors. Each Physician Group contracted with the Company through a Management Services Agreement ("**MSA**"), which allowed such Physician Groups to provide certain services. Prior to the Petition Date, the Debtors terminated such MSAs and have sold all or substantially all of the assets of the Physicians Groups.

Notwithstanding such agreements having been terminated, the Schedules and Statements for CH LLC provide financial figures for the Physician Groups, which include Cano Health Texas, PLLC, Cano Health Nevada, PLLC, Cano Health California, PC, CHC Provider Network, PC and Cano Health Illinois, PLLC.

22.    **Other Paid Claims**.  To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to Bankruptcy Court approval.  To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

23.    **Insiders**.  For purposes of the Schedules and Statements, the Debtors define "insiders" as current or former officers, directors, anyone in control of a corporate Debtor, and any relative of the foregoing.  The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for: (1) the purposes of determining (a) control of the Debtors, (b) the extent to which any individual exercised management responsibilities or corporate decision-making authority over the Debtors, or (c) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability; or (2) any other purpose.

24.    **Payments**.  The financial affairs and businesses of the Debtors are complex.  Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their businesses (the "**Cash Management System**") (as described in greater detail in the Cash Management Motion [Docket No. 3]).  Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, as is necessary or appropriate.  Payments made are listed by the legal entity making such payment notwithstanding that many such payments may have been made on behalf of another legal entity.

25.    **Totals**.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements.  To the extent there are

unknown or undetermined amounts, the actual total may be different than the listed total. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

26.     **Governmental or Regulatory Investigations.** The Company may, from time to time, be subject to various information requests, inquiries, or investigations from certain local, state, or federal regulatory or governmental agencies or authorities. Such information requests, inquiries, or investigations, may or may not ultimately result in claims asserted against the Company. No such claims have been asserted at this time and accordingly have not been scheduled.

**Specific Notes Regarding Schedule A/B**

1.     **Schedule A/B, Part 1, Question 3 – Checking, Savings, or Other Financial Accounts, CDs, etc**. The information in response to this Schedule lists closing bank balances as of the Petition Date. *See **Interest in Subsidiaries and Affiliates*** ¶ 21 in the Schedules section of these Global Notes.

2.     **Schedule A/B, Part 2, Questions 5-8 – Deposits and Prepayments**. Certain prepaid or amortized assets are listed in Part 2 in accordance with the Debtors' books and records. The amounts listed in Part 2 do not necessarily reflect assets the Debtors will be able to collect or realize. The amounts listed in Part 2 include, among other things, security and other deposits, facilities management prepayments and surety deposits.

Prepaid expenses can consist of cash in advance amounts paid to certain vendors in connection with the Debtors' operations.

**Schedule A/B Part 3, Question 11 – Accounts Receivable**. The Debtors' accounts receivable information includes receivables from the Debtors' customers, vendors, and other third parties, which are calculated net of any amounts that, as of the Petition Date, may be owed to such parties in the form of offsets or other price adjustments. As a value-based healthcare provider, the Debtors can generate a surplus receivable when medical expenses are lower relative to the gross revenue for a given health plan. In the ordinary course of business, these surplus receivables may be offset with previous deficit payables generated under the health plans. Due to the nature of the surplus calculations, the Debtors do not maintain an aging for their accounts receivable and all accounts receivable is listed as under 90 days. In certain other circumstances, the Debtors' accounts receivables may, in the Debtors' opinion, be difficult to collect from third parties due to the passage of time or other circumstances.

3.     **Schedule A/B, Part 4, Question 15 – Stock and Interests in Incorporated and Unincorporated Businesses**. The Debtors have not performed a valuation analysis regarding such ownership interests listed in response to this Schedule.

4.     **Schedule A/B, Part 7, Question 39 and Question 41 – Office Furniture and Equipment**. The Debtors' office equipment, furnishings, and supplies are capitalized based on their accounting policies and procedures. The asset values are listed at estimated net book value. Equipment construction in progress is listed at cost.

5.      **Schedule A/B, Part 8, Item 50 – Other Machinery and Equipment.**  Net book value amounts listed in this Schedule are reflected on a book basis as recorded on the fixed asset register for each applicable Debtor.  Construction in progress is listed at cost.

6.      **Schedule A/B, Part 10, Items 60 and 61 – Patents, Copyrights, Trademarks, Trade Secrets, Internet Domain Names and Websites.**  The Debtors' ownership interests in their intellectual property are shown as undetermined.  The Debtors have not performed a valuation analysis regarding such assets.

7.      **Schedule A/B, Part 10, Item 63 – Customer Lists, Mailing Lists, or Other Compilations.**  The Debtors collect and retain personally identifiable information about their patients, including names, addresses, phone numbers, medical records, and other information. Pursuant to the Patient Confidentiality Order, the Debtors have not provided a list of patients, and the Debtors have not performed a valuation analysis regarding such information.

8.      **Schedule A/B, Part 11, Item 72 – Tax Refunds and Unused Net Operating Losses (NOLs).**  The Debtors' tax advisors are in the process of assessing the nature and quantity of available NOLs.  The analysis is not complete as of the time of the filing of this Schedule, and the Debtors have listed the values of the NOLs as undetermined.

9.      **Schedule A/B, Part 11, Item 74 – Causes of Action Against Third Parties.** Schedule A/B contains information regarding potential and pending litigation involving the Debtors.  In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined.  To the extent that litigation involving a particular Debtor has been identified, however, such information is contained in the Schedule for that Debtor (even though the litigation may actually impact another Debtor or non-Debtor affiliate).

**Specific Notes Regarding Schedule D**

Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.  Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not, nor shall it be deemed, an admission as to the validity of any such lien.  Conversely, the Debtors made reasonable, good faith efforts to include all secured creditors on Schedule D, but may have inadvertently failed to include an existing secured creditor because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation.

The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights.  The Debtors have reported outstanding letters of credit in Schedule D.  Moreover, certain creditors are currently in possession of the Debtors' property and, therefore,

may have statutory liens in such property.  The Debtors have not done an analysis as to whether such creditors hold secured claims or the value of the property held by such creditors but have identified such parties on Schedule D as secured creditors out of an abundance of caution.

With respect to the Debtors' funded debt, only the administrative agent(s) have been listed for purposes of Schedule D.  The amounts reflected outstanding under the Debtors' prepetition loan facilities reflect principal and interest amounts as of the Petition Date.

In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

The descriptions provided in Schedule D are intended only as a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Any changes to the status of any liens or security rights since the Petition Date may not be adequately reflected in Schedule D.  Therefore, the Debtors may have listed claims with secured status that have changed, or failed to list certain parties whose claims may be secured through rights of setoff, deposits or advance payments posted by, or on behalf of, the Debtors, or judgment or statutory lien rights on Schedule D.

### Specific Notes Regarding Schedule E/F

1.     **Schedule E/F, Part 1, Question 1 – Creditors Holding Priority Unsecured Claims**.  The Debtors reserve all rights to dispute the amount and/or the priority status of any claim on Schedule E/F on any basis at any time.  Claims owing to various taxing authorities to which the Debtors potentially may be liable are included on the Debtors' Schedule E/F.  Certain of such claims, however, may be subject to ongoing audits and/or the Debtors otherwise are unable to determine with certainty the amount of the remaining claims listed on Schedule E/F.  Therefore, the Debtors have listed all such claims as unknown in amount, pending final resolution of ongoing audits or other outstanding issues.

The Bankruptcy Court entered a Final Order granting authority to the Debtors to pay certain prepetition employee wage and benefit obligations [Docket No. 245] (the "**Employee Wages Final Order**").  Pursuant to the Employee Wages Final Order, the Bankruptcy Court granted the Debtors authority to pay or honor certain prepetition obligations for employee wages, salaries, reimbursable employee expenses, and other obligations on account of compensation and benefits programs.  The Debtors have not listed on Schedule E/F any wage or wage-related obligations for which the Debtors have been granted authority to and have paid or intend to pay pursuant to the Employee Wages Final Order.  The Debtors have not included in the Schedules and Statements (i) accrued paid time off balances as of the Petition Date, and (ii) any prepetition amounts that may be due employees, including provider employees, under any discretionary bonus or similar programs, which were not reconciled prior to the Petition Date.  The Debtors have listed in

Schedule E/F outstanding severance amounts for former employees up to the $15,150 cap. The Debtors will make available to their employees accrued paid time off balances as of the date of their termination of employment with the Debtors in accordance with applicable law and will supplement the Schedules and Statements as necessary.

2. **Schedule E/F, Part 2, Question 3 – Creditors Holding Nonpriority Unsecured Claims**. The Debtors have used commercially reasonable efforts to list all general unsecured claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records. Trade payables listed on Schedule E/F contain the prepetition liability information available to the Debtors as of the filing date of the Schedules.

Schedule E/F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

Schedule E/F does not include certain reserves for potential unliquidated contingencies that historically were carried on the Debtors' books as of the Petition Date. Such reserves were for potential liabilities only and do not represent actual liabilities as of the Petition Date.

The claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F.

Schedule E/F contains information regarding potential and pending litigation involving the Debtors. In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined. To the extent that litigation involving a particular Debtor has been identified, however, such information is contained in the Schedule for that Debtor (even though the litigation may actually impact another Debtor or non-Debtor affiliate).

As of the Petition Date, the Debtors estimate they have approximately one million current and former patients (collectively, the "**Patients**"). The Debtors generally contract with their health plan payors to deliver accountable care in exchange for receiving recurring capitated revenue from the health plans, rather than interfacing with Patients in a fee-for-service context. Patients are, thus, typically billed directly by their healthcare plans and not by the Debtors. In addition, pursuant to the relief granted by the Court under the final refunds order [Docket No. 260] and the bar date order [Docket No. 259], each dated March 5, 2024, the Debtors are authorized to pay any Patient claims for refunds arising in the ordinary course of business and Patients need not file claims for any such refund amount. Accordingly, to the best of the Debtors' knowledge and belief, the Debtors' Patients do not hold claims against the Debtors and have not been listed individually in the Schedules. Moreover, a determination of the amount of any claim that each of the Debtors' current and former patients may hold would be unduly burdensome and cost prohibitive. However, to the extent any current or former patient is a known creditor of the Debtors (e.g., medical malpractice claimant, slip and fall claimant, etc.), the Debtors have endeavored to include such parties in the Schedules.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule E/F does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Except in certain limited circumstances, the Debtors have not scheduled contingent and unliquidated liabilities related to guaranty obligations on Schedule E/F. Such guaranties are, instead, listed on Schedule H.

The claims of individual creditors for, among other things, goods, services, or taxes listed on the Debtors' books and records may not reflect credits or allowances due from such creditors. The Debtors reserve all of their rights in respect of such credits or allowances. The dollar amounts listed may be exclusive of contingent or unliquidated amounts.

Unless the Debtors were required to pay ancillary costs, such as freight, miscellaneous fees and taxes, such costs are not included in the liabilities scheduled, as such amounts do not represent actual liabilities of the Debtor.

Although the Debtors have made commercially reasonable efforts to identify all known general unsecured claims, the Debtors may not have identified and/or set forth all such claims.

**<u>Specific Notes Regarding Schedule G</u>**

While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts on each of the Debtor's Schedule G, and while the Debtors have devoted substantial internal and external resources to identifying and providing the requested information for as many executory contracts as possible and to ensuring the accuracy of Schedule G, inadvertent errors, omissions, or over-inclusions may have occurred. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument or other document is listed thereon.

In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

In the ordinary course of business, the Debtors may have issued numerous purchase orders for supplies, product, and related items which, to the extent that such purchase orders constitute executory contracts, are not listed individually on Schedule G. To the extent that goods were delivered under purchase orders prior to the Petition Date, vendors' claims with respect to such delivered goods are included on Schedule E/F. Similarly, in the ordinary course of business, the Debtors may have issued numerous statements of work or similar documents for services which, to the extent that such statements of work or similar documents constitute executory contracts, are not listed individually on Schedule G. To the extent that services were delivered under statements of work prior to the Petition Date, vendors' claims with respect to such services are included on Schedule E/F.

As a general matter, certain of the Debtors' executory contracts and unexpired leases could be included in more than one category. In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, rights of way, subordination, nondisturbance, and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements, employment-related agreements, and confidentiality and non-disclosure agreements. Such documents may not be set forth in Schedule G.

The Debtors hereby reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, or any document or instrument (including, without limitation, any intercreditor or intercompany agreement) related to a creditor's claim. Certain of the contracts, agreements, and leases listed on Schedule G may have been entered

into by more than one of the Debtors. Further, the specific Debtor obligor to certain of the executory contracts or unexpired leases could not be specifically ascertained in every circumstance. In such cases, the Debtors used their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract or unexpired lease.

In the ordinary course of business, the Debtors have entered into numerous contracts or agreements, both written and oral, regarding the provision of certain services on a month to month basis. To the extent such contracts or agreements constitute executory contracts, these contracts and agreements may not be listed individually on Schedule G.

Certain of the executory contracts may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included in Schedule G.

Certain of the executory contracts and unexpired leases listed in Schedule G were assigned to, assumed by, or otherwise transferred to certain of the Debtors in connection with, among other things, acquisitions by the Debtors. The Debtors used their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract or unexpired lease.

**Specific Notes Regarding Schedule H**

The Debtors are party to various debt agreements, which were executed by multiple Debtors. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable. Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or become unenforceable.

In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth individually on Schedule H. However, some such claims may be listed elsewhere in the Schedules and Statements.

The inclusion of or failure to include any entity on Schedule H does not constitute a waiver or an admission that such entity is a co-debtor or co-liable with respect to any pending or threatened litigation. The Debtors reserve all rights with respect to any claims related to any pending or threatened litigation.

**Specific Notes Regarding Statements**

1.    **Statements, Part 1, Question 1 – Gross Revenue from Business**.    The information provided in response to this Statement reflects Gross Revenue by the Debtors in fiscal year 2021, fiscal year 2022 and fiscal year 2023.

2.      **Statements, Part 1, Question 2 – Non-Business Revenue**.  Debtors may receive revenue from various other non-business sources of income which may not be listed in the Statements.  These other revenues are largely immaterial.

3.      **Statements, Part 2, Question 3 – Certain Payments or Transfers to Creditors within 90 Days before the Petition Date**.  The information provided in response to this Statement does not include insider payments (which transfers appear in the response to Part 2 Question 4), transfers to bankruptcy professionals (which transfers appear in response to Part 6, Question 11) or ordinary course compensation of individuals through salaries, wages, or related allowances.

4.      **Statements, Part 2, Question 4 – All Payments or Transfers to Insiders.**  Certain of the Debtors' directors and executive officers received distributions net of tax withholdings in the year preceding the Petition Date.  The amounts listed reflect the gross amounts paid to such directors and executive officers rather than the net amounts after deducting for tax withholdings. For the avoidance of doubt, the inclusion or omission of any individual in this Statement is not an admission that such individual is or is not an insider of the Debtors.

**5.**      **Statements, Part 3, Question 7 – Legal Actions –** While the Debtors believe they were diligent in their efforts, it is possible that certain suits and proceedings may have been inadvertently excluded in the Debtors' response to this Statement.  The Debtors reserve all of their rights to amend or supplement their response to this Statement.

**6.**      **Statements, Part 6, Question 11 – Payments Related to Bankruptcy**.  All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date are listed on that Debtor's response to this Statement.  Additional information regarding the Debtors' retention of professional service firms is more fully described in individual retention applications and related orders.

**7.**      **Statements, Part 13, Question 25 – Details About the Debtors' Business or** Connections **to Any Business**.  *See Interest in Subsidiaries and Affiliates* ¶ 21 in the Schedules section of these Global Notes.

8.      **Statements, Part 13, Question 26 – Books, Records, and Financial Statements**. The Debtors financials are publicly filed.

9.      **Statements, Part 13, Question 30 – Payments to Insiders**.  Disbursements to insiders of the Debtors have been listed in response to Statements, Part 2, Question 4.

# DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
|  | § |  |
| CANO HEALTH ILLINOIS NETWORK, LLC , *et al.* , | § § | Case No. 24-10195 |
|  | § § | (Jointly Administered) |
| Debtors [1] | § |  |

## SCHEDULES OF ASSETS AND LIABILITIES FOR
## Cano Health Illinois Network, LLC
## (CASE NO. 24-10195)

# Schedule A/B: Assets - Real and Personal Property

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**
   - ☑ No. Go to Part 2.
   - ☐ Yes. Fill in the information below.

| General Description | Type of Account (if applicable) | Last 4 digits of account # (if applicable) | Current value of debtor's interest |
|---|---|---|---|

2. **Cash on hand**

3. **Checking, savings, money market, or financial brokerage accounts (Identify all)**

4. **Other cash equivalents (Identify all)**

5. **Total of Part 1.**
   Add lines 2 through 4. Copy the total to line 80.

# Schedule A/B: Assets - Real and Personal Property

| Part 2: | Deposits and prepayments |
|---------|--------------------------|

6. **Does the debtor have any deposits or prepayments?**

    ☑ No. Go to Part 3.
    ☐ Yes. Fill in the information below.

| General Description | Current value of debtor's interest |
|---------------------|-----------------------------------|

7. **Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

9. **Total of Part 2.**
Add lines 7 through 8. Copy the total to line 81.

# Schedule A/B: Assets - Real and Personal Property

**Part 3:**  **Accounts receivable**

10.  **Does the debtor have any accounts receivable?**
☑ No. Go to Part 4.
☐ Yes. Fill in the information below.

| General Description | Face or requested amount | Doubtful or uncollectable | Current value of debtor's interest |
|---|---|---|---|

11.  **Accounts receivable**

11.1  C. ALL ACCOUNTS RECEIVABLE:  -  =

12.  **Total of Part 3.**
Current value on lines 11a + 11b = line 12. Copy the total to line 82.

# Schedule A/B: Assets - Real and Personal Property

| Part 4: | Investments |
|---|---|

13. **Does the debtor own any investments?**
    - ☐ No. Go to Part 5.
    - ☑ Yes. Fill in the information below.

| General Description | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**
    Name of fund or stock:

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
    Name of entity:

15.1   SEE ATTACHED

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
    Describe:

17. **Total of Part 4.**
    Add lines 14 through 16. Copy the total to line 83.

    $0

**Schedule A/B Part 4 Question 15**



# Schedule A/B: Assets - Real and Personal Property

**Part 5:**     Inventory, excluding agriculture assets - detail

18. **Does the debtor own any inventory (excluding agriculture assets)?**

    ☑ No. Go to Part 6.
    ☐ Yes. Fill in the information below.

| General Description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

19. **Raw materials**

20. **Work in progress**

21. **Finished goods, including goods held for resale**

22. **Other Inventory or supplies**

23. **Total of Part 5.**
    Add lines 19 through 22. Copy the total to line 84.

24. **Is any of the property listed in Part 5 perishable?**

    ☐ No.
    ☐ Yes.

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

    ☐ No.
    ☐ Yes.

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

    ☐ No.
    ☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 6:**     **Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

    ☑ No. Go to Part 7.
    ☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

28. **Crops-either planted or harvested**

29. **Farm animals**

30. **Farm machinery and equipment**

31. **Farm and fishing supplies, chemicals, and feed**

32. **Other farming and fishing-related property not already listed in Part 6**

33. **Total of Part 6.**
    Add lines 28 through 32. Copy the total to line 84.

34. **Is the debtor a member of an agricultural cooperative?**

    ☐ No.
    ☐ Yes.

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

    ☐ No.
    ☐ Yes.

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

    ☐ No.
    ☐ Yes.

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

    ☐ No.
    ☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

| Part 7: | Office furniture, fixtures, and equipment; and collectibles - detail |
|---------|---------------------------------------------------------------------|

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.
☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------------------------|------------------------------------------|-------------------------------------|

39. **Office furniture**

40. **Office fixtures**

41. **Office equipment, including all computer equipment and communication systems equipment and software**

42. **Collectibles**

43. **Total of Part 7.**
    Add lines 39 through 42. Copy the total to line 84.

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No.
☐ Yes.

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 8:**    Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

     ☑ No. Go to Part 9.
     ☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

48. **Watercraft, trailers, motors, and related accessories**

49. **Aircraft and accessories**

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

51. **Total of Part 8.**
     Add lines 47 through 50. Copy the total to line 84.

51. **Is a depreciation schedule available for any of the property listed in Part 8?**

     ☐ No.
     ☐ Yes.

52. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

     ☐ No.
     ☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

| Part 9: | Real property - detail |
|---------|------------------------|

54. **Does the debtor own or lease any real property?**

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

56. **Total of Part 9.**

Add the current value on all Question 55 lines and entries from any additional sheets. Copy the total to line 88.

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No.
☐ Yes.

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 10:** Intangibles and intellectual property - detail

59. **Does the debtor have any interests in intangibles or intellectual property?**
- ☑ No. Go to Part 11.
- ☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

60. **Patents, copyrights, trademarks, and trade secrets**

61. **Internet domain names and websites**

62. **Licenses, franchises, and royalties**

63. **Customer lists, mailing lists, or other compilations**

64. **Other intangibles, or intellectual property**

65. **Goodwill**

66. **Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89.

67. **Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?**
- ☐ No.
- ☐ Yes.

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
- ☐ No.
- ☐ Yes.

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
- ☐ No.
- ☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

| **Part 11:** | **All other assets** |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form? Include all interests in executory contracts and unexpired leases not previously reported on this form.**

☑ No. Go to Part 12.
☐ Yes. Fill in the information below.

| General Description | Current value of debtor's interest |
|---|---|

71. **Notes receivable**

72. **Tax refunds and unused net operating losses (NOLs)**

73. **Interests in insurance policies or annuities**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed Examples: Season tickets, country club membership**

78. **Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 12:** **Summary**

| Type of property | Current value of personal property | Current value of real property | Total of all property |
|---|---|---|---|
| 80. Cash, cash equivalents, and financial assets. Copy line 5, Part 1. | $0 | | |
| 81. Deposits and prepayments. Copy line 9, Part 2. | $0 | | |
| 82. Accounts receivable. Copy line 12, Part 3. | $0 | | |
| 83. Investments. Copy line 17, Part 4. | $0 | | |
| 84. Inventory. Copy line 23, Part 5. | $0 | | |
| 85. Farming and fishing-related assets. Copy line 33, Part 6. | $0 | | |
| 86. Office furniture, fixtures, and equipment; and collectibles. Copy line 43, Part 7. | $0 | | |
| 87. Machinery, equipment, and vehicles. Copy line 51, Part 8. | $0 | | |
| 88. Real property. Copy line 56, Part 9. | | $0 | |
| 89. Intangibles and intellectual property. Copy line 66, Part 10. | $0 | | |
| 90. All other assets. Copy line 78, Part 11. | $0 | | |
| 91. Total. Add lines 80 through 90 for each column. | $0 | $0 | |

92. **Total of all property on Schedule A/B. Lines 91a + 91b = 92.**  **$0**

# Schedule D: Creditors Who Have Claims Secured by Property

**Part 1:**    **List Creditors Who Have Secured Claims**

1. **Do any creditors have claims secured by debtor's property?**

   ☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☐ Yes. Fill in the information below.

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C - U - D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|

2. **List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.**

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

# Schedule D: Creditors Who Have Claims Secured by Property

**Part 2:** List Others to Be Notified for a Debt Already Listed in Part 1

| Name and Mailing Address | Part 1 Line on which the Related Creditor was Listed | Last 4 Digits of Account Number for this Entity |
|---|---|---|

4. List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors

# Schedule E/F: Creditors Who Have Unsecured Claims

| **Part 1:** | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

   ☐ No. Go to Part 2.
   ☑ Yes. Go to line 2.

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | | | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

2. **List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2.1 | AGENCY FOR HEALTH CARE ADMINISTRATION, 2727 MAHAN DRIVE, TALLAHASSEE, FL, 32308 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.2 | BERNALILLO COUNTY ASSESSOR, 415 SILVER AVE SW, ALBUQUERQUE, NM, 87102 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.3 | BEXAR COUNTY APPRAISER, 411 NORTH FRIO STREET, SAN ANTONIO, TX, 78207 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.4 | BEXAR COUNTY TAX ASSESSOR-COLLECTOR, P.O BOX 839950, SAN ANTONIO, TX, 78283 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.5 | BOARD OF MASSAGE THERAPY, PO BOX 6330, TALLAHASSEE, FL, 32314 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.6 | BREVARD COUNTY APPRAISER, 400 SOUTH STREET, 5TH FLOOR, TITUSVILLE, FL, 32780 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.7 | BREVARD COUNTY TAX COLLECTOR, PO BOX 2500, TITUSVILLE, FL, 32781 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.8 | BROWARD COUNTY APPRAISER, 115 SOUTH ANDREWS AVENUE, ROOM 111, FORT LAUDERDALE, FL, 33301 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.9 | BROWARD COUNTY TAX COLLECTOR, 115 S. ANDREWS AVE # A100, FORT LAUDERDALE, FL, 33301 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.10 | CALIFORNIA DEPARTMENT OF PUBLIC HEALTH, P.O BOX 997377, SACRAMENTO, CA, 95899 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.11 | CALIFORNIA FRANCHISE TAX BOARD, 3321 POWER INN ROAD, SUITE 250, SACRAMENTO, CA, 95826-3893 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.12 | CAMERON COUNTY APPRAISER, 2021 AMISTAD DRIVE, SAN BENITO, TX, 78586 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.13 | CAMERON COUNTY TAX OFFICE, PO BOX 952, BROWNSVILLE, TX, 78522 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.14 | CAYAN LLC, PO BOX 95000, PHILADELPHIA, PA, 19195 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.15 | CDPH-RADIOLOGIC HEALTH BRANCH, 1500 CAPITOL AVE., SACRAMENTO, CA, 95899 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.16 | CITY OF AVENTURA, 19200 W COUNTRY CLUB DRIVE, AVENTURA, FL, 33180 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**   List All Creditors with PRIORITY Unsecured Claims

| | | | | | |
|---|---|---|---|---|---|
| 2.17 | CITY OF BELLFLOWER, 16600 CIVIC CENTER DRIVE, BELLFLOWER, CA, 90706 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ ☐ | UNDETERMINED | UNDETERMINED |
| 2.18 | CITY OF CLERMONT, 685 W MONTROSE ST, CLERMONT, FL, 34711 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ ☐ | UNDETERMINED | UNDETERMINED |
| 2.19 | CITY OF CORAL GABLES- FINANCE DEPT. COLLECTION DIVISION, PO BOX 916020, ORLANDO, FL, 32891 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ ☐ | UNDETERMINED | UNDETERMINED |
| 2.20 | CITY OF DANIA BEACH, 100 W DANIA BEACH BLVD, DANIA BEACH, FL, 33004 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ ☐ | UNDETERMINED | UNDETERMINED |
| 2.21 | CITY OF FORT LAUDERDALE, P.O. BOX 31687, TAMPA, FL, 33631 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ ☐ | UNDETERMINED | UNDETERMINED |
| 2.22 | CITY OF HENDERSON, 240 S WATE STREET, HENDERSON, NV, 89015 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ ☐ | UNDETERMINED | UNDETERMINED |
| 2.23 | CITY OF HOLLYWOOD, PO BOX 229187, HOLLYWOOD, FL, 33022 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ ☐ | UNDETERMINED | UNDETERMINED |
| 2.24 | CITY OF LAKELAND BUSINESS TAX OFFICE, 228 S. MASSACHUSETTS AVE., LAKELAND, FL, 33801 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ ☐ | UNDETERMINED | UNDETERMINED |
| 2.25 | CITY OF LAS VEGAS, 495 S MAIN ST 4TH FLOOR, LAS VEGAS, NV, 89101 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ ☐ | UNDETERMINED | UNDETERMINED |
| 2.26 | CITY OF LAUDERDALE LAKES, 4300 NW 36TH STREET, LAUDERDALE LAKES, FL, 33319 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ ☐ | UNDETERMINED | UNDETERMINED |
| 2.27 | CITY OF LAUDERHILL, 5581 W OAKLAND PARK BLVD, LAUDERHILL, FL, 33313 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ ☐ | UNDETERMINED | UNDETERMINED |
| 2.28 | CITY OF MARGATE, 901 NW 66TH AVE, MARGATE, FL, 33063 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ ☐ | UNDETERMINED | UNDETERMINED |
| 2.29 | CITY OF MIAMI, 444 SW 2 AVE, MIAMI, FL, 33130 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ ☐ | UNDETERMINED | UNDETERMINED |
| 2.30 | CITY OF MIAMI GARDENS, 18605 NW 27TH AVE, MIAMI GARDENS, FL, 33056 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ ☐ | UNDETERMINED | UNDETERMINED |
| 2.31 | CITY OF NORTH MIAMI BEACH, 17050 NE 19 AVE NORTH, MIAMI BEACH, FL, 33162 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ ☐ | UNDETERMINED | UNDETERMINED |
| 2.32 | CITY OF PALM BEACH GARDENS, 10500 N MILITARY TRAIL, PALM BEACH GARDENS, FL, 33410 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ ☐ | UNDETERMINED | UNDETERMINED |
| 2.33 | CITY OF PLANTATION-PARKS AND RECREATION, 400 NW 73 AVE, PLANTATION, FL, 33317 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ ☐ | UNDETERMINED | UNDETERMINED |
| 2.34 | CITY OF SAN ANTONIO, 315 S SANTA ROSA, SAN ANTONIO, TX, 78207 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ ☐ | UNDETERMINED | UNDETERMINED |
| 2.35 | CITY OF TAMARAC, 7525 NW 88 AVENUE, TAMARAC, FL, 33321 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ ☐ | UNDETERMINED | UNDETERMINED |
| 2.36 | CITY OF TAMPA, 2555 EAST HANNA AVE, TAMPA, FL, 33610 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ ☐ | UNDETERMINED | UNDETERMINED |
| 2.37 | CLARK COUNTY (NV), 500 S. GRAND CENTRAL PKWY, LAS VEGAS, NV, 89155 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ ☐ | UNDETERMINED | UNDETERMINED |
| 2.38 | CLARK COUNTY ASSESSOR, 500 S. GRAND CENTRAL PKWY, LAS VEGAS, NV, 89155 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ ☐ | UNDETERMINED | UNDETERMINED |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**   List All Creditors with PRIORITY Unsecured Claims

| | | | | | | |
|---|---|---|---|---|---|---|
| 2.39 | CLARK COUNTY BUSINESS LICENSE, 500 S GRAND CENTRAL PKY 3RD FLR, LAS VEGAS, NV, 89155 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.40 | CLIA LABORATORY PROGRAM, PO BOX 530882, ATLANTA, GA, 30353 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.41 | DAVID W. JORDAN, LAKE COUNTY TAX COLLECTOR, PO BOX 327, TAVARES, FL, 32778 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.42 | DELAWARE SECRETARY OF STATE FRANCHISE TAX FILING, 122 MARTIN LUTHER KING JR BLVD SOUTH, DOVER, DE, 19901 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.43 | DELRAY BEACH FIRE RESCUE, 501 WEST ATLANTIC AVE, DELRAY BEACH, FL, 33444 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.44 | DEPARTMENT OF HEALTH IN HILLSBOROUGH COUNTY, PO BOX 5135, TAMPA, FL, 33675 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.45 | DEPARTMENT OF HEALTH IN PALM BEACH COUNTY, 800 CLEMATIS STREET, WEST PALM BCH, FL, 33401 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.46 | DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, 1500 PENNSYLVANIA AVENUE, NW, WASHINGTON, DC, 20220 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.47 | DEPT OF BUSINESS AND PROFESSIONAL REGULATION, 2601 BLAIR STONE ROAD, TALLAHASSEE, FL, 32399 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.48 | DEPT OF HEALTH BUREAU OF RADIATION CONTROL, 4052 BALD CYPRESS WAY, BIN C21, TALLAHASSEE, FL, 32399 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.49 | DEPT. OF HEALTH IN PINELLAS COUNTY ENVIRONMENTAL HEALTH SECTION, 8751 ULMERTON ROAD, LARGO, FL, 33771 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.50 | DOH XRAY REGISTRATION, 4052 BALD CYPRESS WAY BIN C21, TALLAHASSEE, FL, 32399 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.51 | FL DEPT OF HEALTH BIOMEDICAL WASTE, 1725 NW 167 STREET, MIAMI GARDENS, FL, 33056 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.52 | FL DEPT OF HEALTH-BROWARD COUNTY, 780 SW 24 STREET, FORT LAUDERDALE, FL, 33315 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.53 | FLORIDA DEPARTMENT OF HEALTH IN MARION COUNTY, 1801 SE 32ND AVE., OCALA, FL, 34471 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.54 | FLORIDA DEPARTMENT OF HEALTH IN ORANGE COUNTY, 1001 EXECUTIVE CENTER DRIVE, ORLANDO, FL, 32803 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.55 | FLORIDA DEPARTMENT OF HEALTH IN PALM BEACH COUNTY, P.O. BOX 29, WEST PALM BCH, FL, 33402 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.56 | HIDALGO COUNTY APPRAISER, 4405 S. PROFESSIONAL DR., EDINBURG, TX, 78539 | UNKNOWN ACCOUNT NO: | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:** List All Creditors with PRIORITY Unsecured Claims

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2.57 | HIDALGO COUNTY TAX OFFICE, PO BOX 178, EDINBURG, TX, 78540 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.58 | HILLSBOROUGH COUNTY APPRAISER, 601 E. KENNEDY BOULEVARD, TAMPA, FL, 33602-4932 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.59 | ILLINOIS DEPARTMENT OF REVENUE, 555 WEST MONROE STREET, SUITE 1100, CHICAGO, IL, 60661 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.60 | LAKE COUNTY APPRAISER, 320 WEST MAIN ST. SUITE A, TAVARES, FL, 32778-3831 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.61 | MARION COUNTY APPRAISER, 501 SE 25TH AVENUE, OCALA, FL, 34471 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.62 | MIAMI DADE COUNTY TAX COLLECTOR, 200 NW 2ND AVE, 3RD FLOOR, MIAMI, FL, 33128 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.63 | MIAMI-DADE COUNTY APPRAISER, 111 N.W. 1ST STREET SUITE 710, MIAMI, FL, 33128-1984 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.64 | MIAMI-DADE COUNTY FINANCE DEPARTMENT, 2525 NW 62 ST., SUITE 4301, MIAMI, FL, 33147 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.65 | MIAMI-DADE FIRE RESCUE DEPARTMENT, 9300 NW 41ST STREET, DORAL, FL, 33178 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.66 | NANCY C. MILLAN, TAX COLLECTOR, P.O. BOX 30012, TAMPA, FL, 33630 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.67 | NEVADA DEPARTMENT OF TAXATION, COMMERCE TAX TEAM, 3850 ARROWHEAD DRIVE, 2ND FLOOR, CARSON CITY, NV, 89706 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.68 | NEW MEXICO TAXATION AND REVENUE DEPARTMENT, 1200 SOUTH ST. FRANCIS DRIVE, SANTA FE, NM, 87505 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.69 | NEW YORK STATE, MUNICIPAL BUILDING, 1 CENTRE STREET, ROOM 2400, NEW YORK, NY, 10007 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.70 | NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, PO BOX 5300, ALBANY, NY, 12205-0300 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.71 | NUECES COUNTY APPRAISER, 201 N. CHAPARRAL STREET, CORPUS CHRISTI, TX, 78401 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.72 | NUECES COUNTY TAX ASSESOR-COLLECTOR, PO BOX 2810, CORPUS CHRISTI, TX, 78403 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.73 | ORANGE COUNTY APPRAISER, 200 S. ORANGE AVENUE, SUITE 1700, ORLANDO, FL, 32801 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.74 | ORANGE COUNTY TAX COLLECTOR, P.O. BOX 545100, ORLANDO, FL, 32854 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.75 | OSCEOLA COUNTY APPRAISER, 2505 E IRLO BRONSON MEMORIAL HWY, KISSIMMEE, FL, 34744 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:** List All Creditors with PRIORITY Unsecured Claims

| | Creditor | Account | ☑ | ☑ | ☐ | ☐ | | |
|---|---|---|---|---|---|---|---|---|
| 2.76 | OSCEOLA COUNTY TAX COLLECTOR, 2501 E. IRLO BRONSON MEMORIAL HW, KISSIMMEE, FL, 34742 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.77 | PALM BEACH COUNTY, 301 NORTH OLIVE AVENUE, WEST PALM BEACH, FL, 33401 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.78 | PALM BEACH COUNTY APPRAISER, 301 NORTH OLIVE AVENUE 5TH FLOOR, WEST PALM BEACH, FL, 33401 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.79 | PEMBROKE PINES, FALSE ALARM REDUCTION PROGRAM, PO BOX 24620, WEST PALM BEACH, FL, 33416 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.80 | PINELLAS COUNTY APPRAISER, 315 COURT STREET, 2ND FLOOR, CLEARWATER, FL, 33756 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.81 | POLK COUNTY APPRAISER, 255 N WILSON AVENUE, BARTOW, FL, 33830 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.82 | SECURITY AND EXCHANGE COMMISSION, 100 F STREET, NE WASHINGTON, DC, 20549 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.83 | STATE COMPTROLLER, 111 EAST 17TH STREET, AUSTIN, TX, 78774 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.84 | STATE OF CALIFORNIA FRANCHISE TAX BOARD, PO BOX 942857, SACRAMENTO, CA, 94257 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.85 | STATE OF NEW JERSEY, P O BOX 929, TRENTON, NJ, 08646 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.86 | STATE OF NEW JERSEY, DIVISION OF TAXATION, 3 JOHN FITCH WAY, 5TH FLOOR, PO BOX 245, TRENTON, NJ, 08695-0245 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.87 | TAX COLLECTOR, PBC, P.O. BOX 3715, W PLM BCH, FL, 33402-3715 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.88 | THE CITY OF DELRAY BEACH, 100 NW 1S AVE, DELRAY BEACH, FL, 33444 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.89 | THE CITY OF PLANTATION, 451 NW 70TH TERRACE, PLANTATION, FL, 33317 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.90 | VERIFY COMPLY, 9600 ESCARPMENT BLVD, SUITE 745-148, AUSTIN, TX, 78749 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.91 | VILLAGE OF ROYAL PALM BEACH , 1050 ROYAL PALM BEACH BLVD., ROYAL PALM BEACH, FL, 33411 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.92 | VOLUSIA COUNTY APPRAISER, 123 W. INDIANA AVE. ROOM 102, DELAND, FL, 32720 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.93 | VOLUSIA COUNTY HEALTH DEPARTMENT, PO BOX 9190 BIN 118, DAYTONA BEACH, FL, 32120 | UNKNOWN ACCOUNT NO: | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

2. **Total: All Creditors with PRIORITY Unsecured Claims** | UNDETERMINED | UNDETERMINED

# Schedule E/F: Creditors Who Have Unsecured Claims

| **Part 2:** | List All Creditors with NONPRIORITY Unsecured Claims |

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.**

3. **Total: All Creditors with NONPRIORITY Unsecured Claims**

# Schedule E/F: Creditors Who Have Unsecured Claims

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---------|---------------------------------------------------|

| Creditor's Name, Mailing Address Including Zip Code | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number for this entity |
|-----------------------------------------------------|---------------------------------------------------------------------------|--------------------------------------------------|

3.  **List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

# Schedule E/F: Creditors Who Have Unsecured Claims

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---------|---------------------------------------------------------------|

5.  **Add the amounts of priority and nonpriority unsecured claims.**

5.  **a. Total claims from Part 1** — $0

5.  **b. Total claims from Part 2** — $0

5.  **c. Total of Parts 1 and 2**
    Lines 5a + 5b = 5c. — $0

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|

2. **List all contracts and unexpired leases**

**Total number of contracts**                                                    | **0** |

# Schedule H: Codebtors

| Part 1: |

1. **Does the debtor have any codebtors?**

   ☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☐ Yes

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| | | |

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Total Number of Co-Debtor / Creditor Rows | 0 |
|---|---|

**Official Form 206Sum**

## Summary of Assets and Liabilities for Non-Individuals

1. **Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)**

1. **a. Real Property:**
   Copy line 88 from Schedule A/B

   $0

1. **b. Total personal property:**
   Copy line 91A from Schedule A/B

   $0

1. **c. Total of all property:**
   Copy line 92 from Schedule A/B

   $0

2. **Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)**
   Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

   $0

3. **Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)**

3. **a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 6a of Schedule E/F

   $0

3. **b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F

   $0

4. **Total liabilities**
   Lines 2 + 3a + 3b

   $0

Fill in this information to identify the case and this filing:

Debtor Name: _____ Cano Health Illinois Network, LLC _____

United States Bankruptcy Court for the: _____ District of Delaware _____

Case Number (if known): _____ 24-10195 _____

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors                12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents.  This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

Warning -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### ▮      Declaration and Signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- [X] Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)
- [X] Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- [X] Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- [X] Schedule G:  Executory Contracts and Unexpired Leases (Official Form 206G)
- [X] Schedule H: Codebtors (Official Form (206H)
- [X] Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- [ ] Amended Schedule _____
- [ ] Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____ March 6, 2024 _____          Signature: _____ /s/ Eladio Gil _____

_____ Eladio Gil, Interim Chief Financial Officer _____
**Name and Title**