IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re : Chapter 11
: 
CANO HEALTH, INC., *et al.*, : Case No. 24–10164 (KBO)
: 
Debtors.[1] : (Jointly Administered)
: 
: Re: Docket No. 165 & 259
: 
------------------------------------------------------------ x

**CORRECTED ORDER (I) ESTABLISHING A GENERAL BAR DATE TO FILE PROOFS OF CLAIM, (II) ESTABLISHING A BAR DATE TO FILE PROOFS OF CLAIM BY GOVERNMENTAL UNITS, (III) ESTABLISHING A REJECTION DAMAGES BAR DATE, (IV) ESTABLISHING AN AMENDED SCHEDULES BAR DATE; (V) APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM, (VI) APPROVING THE PROPOSED NOTICES OF BAR DATES, (VII) APPROVING PROCEDURES WITH RESPECT TO SERVICE OF THE PROPOSED NOTICE OF BAR DATES, AND (VIII) GRANTING RELATED RELIEF**

Upon the motion, dated February 22, 2024 (the "**Motion**")[2] of Cano Health, Inc. and certain of its subsidiaries, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases, for entry of an order (i) establishing a bar date for the filing of proofs of claim (each, a "**Proof of Claim**") in respect of prepetition claims, including secured claims, unsecured priority claims, unsecured non-priority claims, and claims arising under section 503(b)(9) of title 11 of the United States Code (the "**Bankruptcy Code**"); (ii) establishing

---

[1] The last four digits of Cano Health, Inc.'s tax identification number are 4224. A complete list of the Debtors in the chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/CanoHealth. The Debtors' mailing address is 9725 NW 117th Avenue, Miami, Florida 33178.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

a bar date for the filing of Proofs of Claim by Governmental Units in respect of prepetition claims against any of the Debtors; (iii) establishing a bar date for filing of Proofs of Claim following the amendment or supplement of the Debtors' schedules of assets and liabilities (collectively, the "**Schedules**"); (iv) establishing a bar date for filing of Proofs of Claim for damages arising from the Debtors' rejection of executory contracts or unexpired leases; (v) approving the Debtors' proposed procedures for filing Proofs of Claim; (vi) approving the proposed form of Proof of Claim for use in these chapter 11 cases; (vii) approving the Debtors' proposed procedures for providing notice of the Bar Dates; and (viii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and this Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"), if necessary; and the Court having entered an order approving the relief requested in the Motion on March 5, 2024 [Docket No. 259] (the "**Original Order**); and the Debtors having submitted this revised order to correct a ministerial error in the Original Order; and the Court having determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all

parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted to the extent set forth herein.

2. Unless otherwise provided herein, the following Bar Dates are hereby established in these chapter 11 cases:

   a. **April 22, 2024** at **5:00 p.m. (Prevailing Eastern Time)** shall be the deadline for each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts, but not including any governmental units (as defined in section 101(27) of the Bankruptcy Code) ("**Governmental Units**")), to file a proof of claim (each, a "**Proof of Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, secured claims, unsecured priority claims, unsecured non-priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code against any of the Debtors (the "**General Bar Date**"), unless otherwise provided herein; and

   b. **August 2, 2024** at **5:00 p.m. (Prevailing Eastern Time)** shall be the deadline for any Governmental Unit to file a Proof of Claim in respect of a prepetition claim against any of the Debtors (the "**Governmental Bar Date**");

   c. **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days from the date on which the Debtors provide notice of a previously unfiled Schedule or an amendment or supplement to the Schedules (which notice will include a reference to the Amended Schedules Bar Date (as defined below))** as the deadline by which claimants holding claims affected by such filing, amendment, or supplement must file Proofs of Claim with respect to such claim (the "**Amended Schedules Bar Date**"); and

   d. **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days following service of an order approving rejection of any executory contract or unexpired lease of the Debtors** as the deadline by which claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file Proofs of Claim for

3

damages arising from such rejection[3] (the "**Rejection Damages Bar Date**," and, together, with the General Bar Date, the Governmental Bar Date, and the Amended Schedules Bar Date, the "**Bar Dates**").

3. The (i) Proof of Claim Form, substantially in the form annexed hereto as **Exhibit 1**, and (ii) the notices of the Bar Date, substantially in the forms annexed hereto as **Exhibit 2** and **Exhibit 3** (collectively, the "**Bar Date Notices**"), are approved.

4. Except as otherwise set forth herein, the following entities holding claims against the Debtors arising prior to the Petition Date are required to file Proofs of Claim on or before the applicable Bar Date:

  a. any person or entity, including, subject to the exceptions below, any Patient, whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "contingent," "unliquidated," or "disputed," if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

  b. any person or entity that believes its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

  c. any person or entity that believes any prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than the Debtor identified in the Schedules; and

  d. any person or entity that believes its claim against a Debtor is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

5. Persons or entities who hold the following claims, which would otherwise be subject to a Bar Date, shall not be required to file any Proofs of Claim on account of such claims or interests:

---

[3] Notwithstanding the foregoing, a party to an executory contract or unexpired lease who asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the applicable Bar Date, unless an exception identified in this Order applies.

a. any claim listed on the Schedules filed by the Debtors; <u>provided</u>, <u>that</u> (i) the claim is <u>not</u> listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, <u>and</u> (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

b. any claim as to which the holder already has filed a signed Proof of Claim with KCC against the respective Debtor(s) with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Proof of Claim Form or the Official Bankruptcy Form No. 410 (the "**Official Form 410**"), and has otherwise complied with the Procedures;

c. any claim that has been allowed by order of this Court entered on or before the applicable Bar Date;

d. any claim that has been paid in full or will be paid in full in accordance with an order of this Court entered on or before the applicable Bar Date;

e. any claim for which a separate deadline has been fixed by an order of this Court entered on or before the applicable Bar Date;

f. any equity interest in the Debtors, which interest exclusively is based upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; <u>provided</u>, <u>that</u> if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim, as applicable, must be filed on or before the applicable Bar Date pursuant to the Procedures set for the herein;

g. a claim held by a current employee of the Debtors, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business for wages, commissions, or benefits; <u>provided</u>, <u>that</u> a current employee must submit a Proof of Claim by the applicable Bar Date for all other claims arising before the Petition Date;

h. any claim based on indemnification, contribution, or reimbursement of a current officer, director, or employee of any of the Debtors;

i. any claim that is solely against any of the Debtors' non-Debtor affiliates or non-Debtor affiliate provider practices;

j. any claim held by a Debtor against another Debtor;

k. any claim held by a Patient for refunds arising in the ordinary course of business that the Debtors have been previously authorized to pay by order of the Court;

l. any claim asserting administrative priority and arising in the ordinary course of business after the Petition Date (but not, for the avoidance of doubt, claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code);

m. the U.S. Trustee, on account of any claims for fees payable pursuant to 28 U.S.C. § 1930;

n. any claim asserting administrative priority pursuant to section 503(b)(3)(D) of the Bankruptcy Code;

o. Any counterparty to an executory contract or unexpired lease whose contract or lease is assumed or assumed and assigned by the Debtors pursuant to an order of the Court entered prior to the applicable Bar Date; and

p. any claim held by the DIP Secured Parties,[4] on account of claims arising under the DIP Documents or the Prepetition Secured Parties arising under the Prepetition Loan Documents (the DIP Documents together with the Prepetition Loan Documents, the "**Loan Documents**"); provided, that (x) the relevant administrative agent, registrar, paying agent, loan or collateral agent, or any other entity serving in a similar capacity however designated (each, a "**Debt Agent**") under the applicable Loan Documents may file a single master Proof of Claim (a "**Master Proof of Claim**"), on or before the applicable Bar Date, against each Debtor obligated under the applicable Loan Documents on account of all applicable Debt Claims,[5] (y) lead counsel for the Ad Hoc First Lien Group may file a Master Proof of Claim on behalf of the Ad Hoc First Lien Group, on or before the applicable Bar Date, against each Debtor obligated under the applicable Loan Documents on account of any Debt Claims held by the members of the Ad Hoc First Lien Group, and (z) any holder of a Debt Claim under the Loan Documents may file a Master Proof of Claim on account of its Debt Claims against each Debtor obligated under the applicable Loan Documents, in each case, which shall be filed against the debtor in the lead case, *In re Cano Health, Inc., et al.*, No. 24-10164 (KBO), without the need for further designation by such party, and shall be deemed filed as against each such Debtor identified therein; provided, however, that any holder of a Debt Claim wishing to assert a Claim arising out of or relating to the Loan Documents other than a Debt Claim must file a Proof of Claim (which may be filed as a Master Proof of Claim against each Debtor obligated under the applicable Loan Document as described in the preceding proviso) with respect to such Claim on or before the applicable Bar Date, unless another

---

[4] Capitalized terms used but not defined in this Paragraph 5(p) shall have the meanings set forth in the DIP Order.

[5] "**Debt Claims**" means any claims limited exclusively to the repayment of principal, interest, fees, expenses, and any other amounts arising under or in connection with the DIP Documents or the Prepetition Loan Documents, as applicable.

exception identified herein applies; provided, further, that in lieu of attaching voluminous documentation, including documentation for compliance with Bankruptcy Rule 3001(d), such parties may include a summary of the operative documents with respect to the Debt Claims.

6. Except as otherwise set forth herein, each entity that asserts a claim against the Debtors that arose before the Petition Date shall be required to file a Proof of Claim. The following Procedures with respect to preparing and filing of Proofs of Claim are hereby established:

    a. Proofs of Claim must substantially conform to the Proof of Claim Form attached as **Exhibit 1** to this Order or Official Form 410;

    b. Proofs of Claim must (i) be written in either the English or Spanish language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) specify by name and case number the Debtor against which the claim is filed; (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant under penalty of perjury;

    c. If a claimant asserts a claim against more than one Debtor or has claims against different Debtors, the claimant must file a separate Proof of Claim against each Debtor;

    d. Proofs of Claim must be filed (i) electronically through the website of the Debtors' claims and noticing agent, KCC, using the interface available on such website located at https://www.kccllc.net/CanoHealth under the link entitled "Submit Electronic Proof of Claim (ePOC)" (the "**Electronic Filing System**") or (ii) by delivering the original Proof of Claim form by hand, or mailing the original Proof of Claim form, on or before the applicable Bar Date as follows, if by mail:[6]

**Cano Health, Inc. et al., Claims Processing Center**
**c/o Kurtzman Carson Consultants LLC**
**222 N. Pacific Coast Highway, Suite 300**
**El Segundo, California 90245**

---

[6] Any Proofs of Claim filed by Patients will be treated in accordance with the procedures approved by the Court in the Patient Confidentiality Procedures Order and any further order of the Court.

  e. A Proof of Claim shall be deemed timely filed only if it **actually is received** by KCC as set forth in subparagraph (d) above, in each case, on or before the applicable Bar Date; and

  f. Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System) **will not** be accepted.

7. Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim who is required to timely file a Proof of Claim on or before the applicable Bar Date as provided herein, but fails to do so, shall not be treated as a creditor with respect to such claim for the purposes of voting on a chapter 11 plan and distribution in these chapter 11 cases on account of such claim.

8. Notwithstanding anything to the contrary in this Order, the indenture trustee for the Senior Notes (the "**Senior Notes Trustee**") shall be authorized, but not required, to file a single Master Proof of Claim with respect to all claims arising under the indenture governing the Senior Notes. The Senior Notes Trustee shall file any such Master Proof of Claim in the lead case, *In re Cano Health, Inc.*, Case. No. 24-10164 (KBO), and such Master Proof of Claim shall be deemed filed against each Debtor identified therein. The Senior Notes Trustee shall not be required to file copies of any instruments, agreements or other documents evidencing the obligations referenced in its Master Proof of Claim, but counsel to the Senior Notes Trustee shall provide copies of such documents upon written request to Kelley Drye & Warren LLP, 3 World Trade Center, 175 Greenwich Street, New York, New York 10007, Attn: James. S. Carr (jcarr@kelleydrye.com) and Kristin S. Elliott (kelliott@kelleydrye.com).

9. Subject to the exception below, pursuant to Bankruptcy Rules 2002(a)(7), (f), and (*l*), the Debtors propose to provide notice of the Bar Dates to all parties in interest in accordance with the following Procedures:

  a. Within five (5) business days of entry of the Original Order, or within five (5) business days after the Debtors file their Schedules, whichever is later, the Debtors shall cause to be mailed (i) a copy of the Proof of Claim Form

and (ii) the Bar Date Notice, substantially in the form annexed as **Exhibit 2** to this Order, to the following parties:

(1)  the Office of the U.S. Trustee;

(2)  counsel to the Creditors' Committee;

(3)  all known creditors and other known holders of potential claims against any of the Debtors' estates;

(4)  all counterparties to the Debtors' executory contracts and unexpired leases at the addresses stated therein or as updated pursuant to a request by the counterparty or by returned mail from the post office with a forwarding address;

(5)  all parties to pending litigation against the Debtors (as of the date of entry of the Original Order);

(6)  all persons or entities who have filed claims (as of the date of entry of the Original Order);

(7)  all parties who have sent correspondence to the Court and are listed on the Court's electronic docket (as of the date of entry of the Original Order);

(8)  all parties who have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of entry of the Original Order);

(9)  all current and former employees of the Debtors (to the extent that contact information for former employees is available in the Debtors' records of the past two (2) years);

(10)  all known registered holders of CHI's Class A and Class B common stock, and warrants of the Debtors (as of the date of entry of the Original Order);

(11)  the Internal Revenue Service, the United States Attorney's Office for the District of Delaware, and all applicable Governmental Units;

(12)  all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

(13)  all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, and permitting authorities; and

(14)  such additional persons and entities deemed appropriate by the Debtors.

WEIL:\99660251\3\33098.0017

        b.        The Debtors shall post the Proof of Claim Form and the Bar Date Notice on the website established by KCC for the Debtors' cases: https://www.kccllc.net/CanoHealth.

10.      Within five (5) business days of entry of the Original Order, or within five (5) business days after the Debtors file their Schedules, whichever is later, the Debtors shall cause to be mailed (a) to all Patients listed on the Debtors' Schedules, the Bar Date Notice, substantially in the form annexed as **Exhibit 2** hereto, and (b) with respect to all other Patients, the Patient Bar Date Notice, substantially in the form annexed as **Exhibit 3** hereto.  The Debtors shall supplement the proposed notice of the Patient Bar Date Notice by email for any Patients for which the Debtors have a valid email address on file.

11.      The Debtors shall publish the Bar Date Notice, at least twenty-one (21) days prior to the General Bar Date, or as soon as practicable thereafter, with any necessary modifications for ease of publication, once in each of the national editions of *The Wall Street Journal* and the local editions of *The Miami Herald* and the *South Florida Sun Sentinel*, subject to applicable publication deadlines, which publication is approved and shall be deemed good, adequate, and sufficient publication notice of the Bar Dates and the Procedures for filing Proofs of Claim in these chapter 11 cases.

12.      The Debtors and KCC are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

13.      The notice provided in connection with the Original Order constitutes good, sufficient, and proper notice to all creditors, including Patients, of the Bar Dates and their rights and obligations in connection with claims they may have against the Debtors in these chapter 11 cases and, except as expressly set forth below in Paragraph 16, no further or additional notice of the Bar Dates shall be required.

14. Nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules or otherwise.

15. Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims not subject to the Bar Dates established herein must file such claims against the Debtor or be forever barred from so doing.

16. The Debtors shall serve notice of this corrected Order on former officers, directors, or employees of any of the Debtors within three (3) business days of entry of this corrected Order. Notwithstanding anything herein or in the Original Order to the contrary, former officers, directors, or employees of any of the Debtors shall have until **May 9, 2024** at **5:00 p.m. (Prevailing Eastern Time)** to file Proofs of Claim. No further or additional notice of the Bar Dates or this corrected Order shall be required.

17. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: April 4th, 2024  
Wilmington, Delaware

**KAREN B. OWENS**  
**UNITED STATES BANKRUPTCY JUDGE**