**<u>Exhibit 2</u>**

**Bar Date Notice**

| **UNITED STATES BANKRUPTCY COURT, DISTRICT OF DELAWARE** | |
|---|---|
| In re<br><br>**CANO HEALTH, INC.,** *et al.*,<br><br>Debtors. | **Chapter 11 Case Nos.: 24-10164 (KBO)<br>Through 24-10211 (KBO)<br>(Jointly Administered)** |

## NOTICE OF DEADLINES TO FILE PROOFS OF CLAIM

**TO: ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| **Name of Debtor** | **Other Names Used by the Debtors in the last 8 years** | **Case Number** | **Tax Identification Number** |
|---|---|---|---|
| Cano Health, Inc. | N/A | 24-10164 | 98-1524224 |
| Primary Care (ITC) Intermediate Holdings, LLC | N/A | 24-10165 | 81-3528879 |
| Cano Health, LLC | Belen Medical Centers; Healthy Partners; Healthy Partners Primary Care; Doctors Medical Pediatrics; Doctors Medical Center; University Health Care | 24-10167 | 26-4543872 |
| Cano Health Nevada Network, LLC | N/A | 24-10173 | 88-3142201 |
| Cano Occupational Health, LLC | N/A | 24-10176 | 84-1978353 |
| American Choice Healthcare, LLC | f/k/a Cano Health DCE, LLC | 24-10178 | 84-4935146 |
| Cano PCP Wound Care, LLC | Wound Healing Center | 24-10181 | 38-4132308 |
| Cano Personal Behavior LLC | N/A | 24-10183 | 87-1770417 |
| Cano PCP, LLC | N/A | 24-10187 | 84-3143969 |
| Cano Behavior Health LLC | Serenity Community Mental Health Center | 24-10191 | 87-1457466 |
| Cano Belen, LLC | N/A | 24-10194 | 84-2805805 |
| Cano Health New Mexico LLC | N/A | 24-10197 | 86-3338633 |
| Complete Medical Billing and Coding Services, LLC | N/A | 24-10166 | 81-5336366 |
| Cano Health of Puerto Rico LLC | N/A | 24-10168 | 66-0987541 |
| Cano Health of Florida, LLC | N/A | 24-10170 | 82-2214086 |
| Cano Health CA1 MSO LLC | N/A | 24-10171 | 87-2475704 |
| Comfort Pharmacy 2, LLC | N/A | 24-10174 | 47-5297423 |
| Cano Medical Center of West Florida, LLC | N/A | 24-10175 | 82-3547622 |
| CH Dental Administrative Services LLC | N/A | 24-10177 | 82-5065396 |
| DGM MSO, LLC | f/k/a Cano Health of West Florida, LLC | 24-10180 | 82-3464109 |
| Cano Research LLC | N/A | 24-10182 | 86-3419684 |
| Cano PCP MSO, LLC | N/A | 24-10184 | 84-3331566 |
| Cano HP MSO, LLC | N/A | 24-10186 | 84-4922112 |
| ACH Management Services, LLC | N/A | 24-10189 | 87-2487117 |
| CHPR MSO LLC | N/A | 24-10169 | 66-1007944 |

| | | | |
|---|---|---|---|
| Orange Healthcare Administration, LLC | N/A | 24-10188 | 85-0988972 |
| Orange Care Group South Florida Management Services Organization, LLC | N/A | 24-10193 | 87-2706726 |
| Orange Accountable Care Organization of South Florida LLC | N/A | 24-10196 | 81-2770116 |
| Orange Accountable Care Organization, LLC | N/A | 24-10199 | 87-1671929 |
| American Choice Commercial ACO, LLC | f/k/a Orange Care IPA, LLC | 24-10201 | 36-5016909 |
| Orange Care IPA of New York, LLC | N/A | 24-10203 | 85-1292143 |
| Orange Care IPA of New Jersey, LLC | N/A | 24-10205 | 85-1292238 |
| Total Care ACO, LLC | N/A | 24-10207 | 46-5759177 |
| Cano Health CA1, LLC | f/k/a Cano Health California Network, LLC | 24-10209 | 87-2749352 |
| Cano Health Illinois 1 MSO, LLC | N/A | 24-10210 | 87-3052172 |
| Solis Network Solutions, LLC | N/A | 24-10211 | 88-1110916 |
| Physicians Partners Group Merger, LLC | N/A | 24-10172 | 82-0977805 |
| Physicians Partners Group Puerto Rico, LLC | N/A | 24-10179 | N/A |
| Physicians Partners Group of FL, LLC | N/A | 24-10190 | 82-2627889 |
| PPG Puerto Rico Blocker, Inc. | N/A | 24-10192 | 84-4120252 |
| Physicians Partners Group Puerto Rico, LLC | N/A | 24-10185 | 66-0925015 |
| Cano Health Illinois Network, LLC | N/A | 24-10195 | 88-3024609 |
| Cano Pharmacy, LLC | Cano Pharmacy 13; Cano Pharmacy 5 | 24-10198 | 27-1939911 |
| IFB Pharmacy, LLC | N/A | 24-10200 | 45-5478626 |
| Belen Pharmacy Group, LLC | N/A | 24-10202 | 27-3825089 |
| University Health Care Pharmacy, LLC | N/A | 24-10204 | 45-1804682 |
| Cano Health New York, IPA, LLC | N/A | 24-10206 | 92-3334725 |
| Clinical Research of Hollywood, P.A. | N/A | 24-10208 | 27-5401264 |

| **Attorneys for Debtors** | **Attorneys for Debtors** |
|---|---|
| RICHARDS, LAYTON & FINGER, P.A. | WEIL, GOTSHAL & MANGES LLP |
| Mark D. Collins (No. 2981) | Gary T. Holtzer (admitted *pro hac vice*) |
| Michael J. Merchant (No. 3854) | Jessica Liou (admitted *pro hac vice*) |
| Amanda R. Steele (No. 5530) | Matthew P. Goren (admitted *pro hac vice*) |
| 920 North King Street | 767 Fifth Avenue |
| Wilmington, Delaware 19801 | New York, New York 10153 |
| Telephone: 302-651-7700 | Telephone:  (212) 310-8000 |
| Emails: collins@rlf.com | Emails: gary.holtzer@weil.com |
| merchant@rlf.com | jessica.liou@weil.com |
| steele@rlf.com | matthew.goren@weil.com |

<table>
<tr><td colspan="2" align="center"><u>Address of the Clerk of the Bankruptcy Court</u><br>Clerk of the United States Bankruptcy Court,<br>824 Market Street North, 3rd Floor, Wilmington, DE 19801<br>Telephone: 302-252-2900<br>Hours Open: 8:00 a.m.–4:00 p.m. Monday–Friday</td></tr>
</table>

**PLEASE TAKE NOTICE THAT:**

---

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.  THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

---

Beginning on February 4, 2024 (the "**Petition Date**"), Cano Health, Inc., and certain of its subsidiaries, as debtors and debtors in possession (collectively, the "**Debtors**"), filed voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). On March 5, 2024 [Docket No. 259], the Bankruptcy Court entered an order (as corrected by order of the Court dated April [•], 2024 [Docket No. •], collectively, the "**Bar Date Order**") establishing the following Bar Dates:

(i) **April 22, 2024 at 5:00 p.m. (Prevailing Eastern Time)** as the deadline for each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts, but not including any governmental units (as defined in section 101(27) of the Bankruptcy Code) ("**Governmental Units**")), to file a proof of claim (each, a "**Proof of Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, secured claims, unsecured priority claims, unsecured non-priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code against any of the Debtors (the "**General Bar Date**"), unless otherwise provided herein;

(ii) **August 2, 2024 at 5:00 p.m. (Prevailing Eastern Time)** as the deadline for any Governmental Unit to file a Proof of Claim in respect of a prepetition claim against any of the Debtors (the "**Governmental Bar Date**");

(iii) **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days from the date on which the Debtors provide notice of a previously unfiled Schedule or an amendment or supplement to the Schedules (as defined below)** (which notice will include a reference to the Amended Schedules Bar Date) as the deadline by which claimants holding claims affected by such filing, amendment, or supplement must file Proofs of Claim with respect to such claim (the "**Amended Schedules Bar Date**"); and

(iv) **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days following service of an order approving rejection of any executory contract or unexpired lease of the Debtors** as the deadline by which claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file Proofs of Claim for damages arising from such rejection[1] (the "**Rejection Damages Bar Date**," and, together, with the General Bar Date, the Governmental Bar Date, and the Amended Schedules Bar Date, the "**Bar Dates**").

You may be a creditor of one or more of the debtors. Notwithstanding anything herein or in the Bar Date Order to the contrary, former officers, directors, or employees of any of the Debtors shall have until **May 9, 2024** at **5:00 p.m. (Prevailing Eastern Time)** to file Proofs of Claim.

**If you have any questions relating to this Notice, please feel free to contact Kurtzman Carson Consultants LLC ("KCC") at (888) 251-2679 (toll free) or (310) 751-2609 (international) or by e-mail at https://www.kccllc.net/CanoHealth/Inquiry**

NOTE:  The staff of the Bankruptcy Clerk's Office, the Office of the United States Trustee, and KCC cannot give legal advice.

---

[1]   Notwithstanding the foregoing, a party to an executory contract or unexpired lease who asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the applicable Bar Date, unless an exception identified in this Bar Date Order applies.

**INSTRUCTIONS:**

1.      WHO MUST FILE A PROOF OF CLAIM

Except as otherwise set forth herein, the following persons or entities holding claims against the Debtors arising prior to the Petition Date MUST file Proofs of Claim on or before the applicable Bar Date:

i.      any person or entity, including, subject to the exception below, any current or former patient of the Debtors (each a "**Patient**"), whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "contingent," "unliquidated," or "disputed," if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

ii.     any person or entity that believes its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

iii.    any person or entity that believes any prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than the Debtor identified in the Schedules; and

iv.     any person or entity that believes its claim against a Debtor is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

Pursuant to section 101(5) of the Bankruptcy Code and as used in this Notice, the word "**claim**" means (i) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.  Further, claims include unsecured claims, secured claims, and priority claims.

Pursuant to section 101(15) of the Bankruptcy Code and as used in this Notice, the term "**entity**" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, and governmental units. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

2.      WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM

**PERSONS OR ENTITIES WHO HOLD THE FOLLOWING CLAIMS OR INTERESTS, WHICH OTHERWISE WOULD BE SUBJECT TO A BAR DATE, SHALL NOT BE REQUIRED TO FILE ANY PROOFS OF CLAIM ON ACCOUNT OF SUCH CLAIMS OR INTERESTS:**

a)      any claim listed on the Schedules filed by the Debtors; <u>provided</u>, <u>that</u> (i) the claim is <u>not</u> listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, <u>and</u> (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

b)      any claim as to which the holder already has filed a signed Proof of Claim with KCC against the respective Debtor(s) with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Proof of Claim Form or the Official Bankruptcy Form No. 410 (the "**Official Form 410**"), and has otherwise complied with the Procedures;

c)      any claim that has been allowed by order of this Court entered on or before the applicable Bar Date;

WEIL:\99660251\3\33098.0017

d) any claim that has been paid in full or will be paid in full in accordance with an order of this Court entered on or before the applicable Bar Date;

e) any claim for which a separate deadline has been fixed by an order of this Court entered on or before the applicable Bar Date;

f) any equity interest in the Debtors, which interest exclusively is based upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; provided, that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim must be filed on or before the applicable Bar Date pursuant to the Procedures set for the herein;

g) a claim held by a current employee of the Debtors, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business for wages, commissions, or benefits; provided, that a current employee must submit a Proof of Claim by the applicable Bar Date for all other claims arising before the Petition Date;

h) any claim based on indemnification, contribution, or reimbursement of a current officer, director, or employee of any of the Debtors;

i) any claim that is solely against any of the Debtors' non-Debtor affiliates or non-Debtor affiliate provider practices;

j) any claim held by a Debtor against another Debtor;

k) any claim held by a Patient for refunds arising in the ordinary course of business that the Debtors have been previously authorized to pay by order of the Court;

l) any claim asserting administrative priority and arising in the ordinary course of business after the Petition Date (but not, for the avoidance of doubt, claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code);

m) Any counterparty to an executory contract or unexpired lease whose contract or lease is assumed or assumed and assigned by the Debtors pursuant to an order of the Court entered prior to the applicable Bar Date;

n) the U.S. Trustee, on account of any claims for fees payable pursuant to 28 U.S.C. § 1930;

o) any claim asserting administrative priority pursuant to section 503(b)(3)(D) of the Bankruptcy Code; and

p) any claim held by the DIP Secured Parties,[2] on account of claims arising under the DIP Documents or the Prepetition Secured Parties arising under the Prepetition Loan Documents (the DIP Documents together with the Prepetition Loan Documents, the "**Loan Documents**"); provided, that (x) the relevant administrative agent, registrar, paying agent, loan or collateral agent, or any other entity serving in a similar capacity however designated (each, a "**Debt Agent**") under the applicable Loan Documents may file a single master Proof of Claim (a "**Master Proof of Claim**"), on or before the applicable Bar Date, against each Debtor obligated under the applicable Loan Documents on account of all applicable Debt Claims,[3] (y) lead counsel for the Ad Hoc First Lien Group may file a Master Proof of Claim on behalf of the Ad Hoc First Lien Group, on or before the applicable Bar Date, against each Debtor obligated under the applicable Loan Documents

---

[2] Capitalized terms used but not defined in this Paragraph 2(p) shall have the meanings set forth in the DIP Orders.

[3] "**Debt Claims**" means any claims limited exclusively to the repayment of principal, interest, fees, expenses, and any other amounts arising under or in connection with the DIP Documents or the Prepetition Loan Documents, as applicable.

on account of any Debt Claims held by the members of the Ad Hoc First Lien Group, and (z) any holder of a Debt Claim under the Loan Documents may file a Master Proof of Claim on account of its Debt Claims against each Debtor obligated under the applicable Loan Documents, in each case, which shall be filed against the debtor in the lead case, *In re Cano Health, Inc., et al.*, No. 24-10164 (KBO), without the need for further designation by such party, and shall be deemed filed as against each such Debtor identified therein; provided, however, that any holder of a Debt Claim wishing to assert a Claim arising out of or relating to the Loan Documents other than a Debt Claim must file a Proof of Claim (which may be filed as a master Proof of Claim against each Debtor obligated under the applicable Loan Document as described in the preceding proviso) with respect to such Claim on or before the applicable Bar Date, unless another exception identified herein applies; provided, further, that in lieu of attaching voluminous documentation, including documentation for compliance with Bankruptcy Rule 3001(d), such parties may include a summary of the operative documents with respect to the Debt Claims.

   **The fact that you have received this notice does not mean you have claim or that the Debtors or the Court believe you have a claim against the Debtors.  You should not file a Proof of Claim if you do not have a claim against any of the Debtors.**

3.        INSTRUCTIONS FOR FILING PROOFS OF CLAIM

   Except as otherwise set forth herein, each entity that asserts a claim against the Debtors that arose before the Petition Date **MUST** file a Proof of Claim.  **The following procedures with respect to preparing and filing of Proofs of Claim will apply:**

   a)   Proofs of Claim must substantially conform to the Proof of Claim Form attached as **Exhibit 1** to the Proposed Order or Official Form 410;

   b)   Proofs of Claim must (i) be written in either the English or Spanish language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) specify by name and case number the Debtor against which the claim is filed; (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant under penalty of perjury;

   c)   If a claimant asserts a claim against more than one Debtor or has claims against different Debtors, the claimant must file a separate Proof of Claim against each Debtor;

   d)   Proofs of Claim must be filed (i) electronically through the website of the Debtors' claims and noticing agent, KCC, using the interface available on such website located at https://www.kccllc.net/CanoHealth under the link entitled "Submit Electronic Proof of Claim (ePOC)" (the "**Electronic Filing System**") or (ii) by delivering the original Proof of Claim form by hand, or mailing the original Proof of Claim form, on or before the applicable Bar Date as follows, if by mail:[4]

   **Cano Health, Inc. et al., Claims Processing Center**
   **c/o Kurtzman Carson Consultants LLC**
   **222 N. Pacific Coast Highway, Suite 300**
   **El Segundo, California 90245**

   e)   A Proof of Claim shall be deemed timely filed only if it **actually is received** by KCC as set forth in subparagraph (d) above, in each case, on or before the applicable Bar Date; and

---

[4] Any Proofs of Claim filed by Patients will be treated in accordance with the Patient Confidentiality Procedure Order [Docket No. 90] and any further order of the Court.

    f)    Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System) **will not** be accepted.

4.      CONSEQUENCES OF FAILURE TO TIMELY FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

**Pursuant to the Bar Date Order and Bankruptcy Rule 3003(c)(2), any holder of a claim who is required to timely file a Proof of Claim on or before the applicable Bar Date as provided herein, but fails to do so: (i) shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution in these chapter 11 cases on account of such claim; and (ii) forever shall be barred, estopped, and enjoined from asserting such claim against each of the Debtors, their estates, and their property (or filing a Proof of Claim with respect thereto).**

5.      THE DEBTORS' SCHEDULES, ACCESS THERETO, AND CONSEQUENCES OF AMENDMENT THEREOF

You may be listed as the holder of a claim against the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "**Schedules**"). To determine if and how you are listed in the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Form regarding the nature, amount, and status of your claim(s). If you received postpetition payments from the Debtors (as authorized by the Court) on account of your claim, the enclosed Proof of Claim Form will reflect the net amount of your claims. If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim Forms, each of which will reflect the nature and amount of your claim against each Debtor, as listed in the Schedules.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules and if your claim is not listed in the Schedules as "disputed," "contingent," or "unliquidated," you need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted (i) on the website established by KCC for the Debtors' cases at https://www.kccllc.net/CanoHealth and (ii) on the Court's website at www.deb.uscourts.gov. (A login and password to the Court's Public Access to Electronic Court Records ("**PACER**") are required to access the information on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Schedules also may be examined between the hours of 8:00 a.m. and 5:00 p.m. (Prevailing Eastern Time) Monday through Friday at the Office of the Clerk of the Bankruptcy Court, 824 Market St N, 3rd Floor, Wilmington, DE 19801. Copies of the Debtors' Schedules also may be obtained by written request to the Debtors' claims agent, KCC, at the address and telephone number set forth below:

> **Cano Health, Inc. et al., Claims Processing Center**
> **c/o Kurtzman Carson Consultants LLC**
> **222 N. Pacific Coast Highway, Suite 300**
> **El Segundo, California 90245**

In the event the Debtors amend or supplement their Schedules subsequent to date of entry of the Bar Date Order, the Debtors shall give notice of any amendment or supplement to the holders of claims affected by such amendment or supplement within ten (10) days after filing such amendment or supplement, and such holders must file a Proof of Claim by **the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days from the date on which the Debtors provide notice of a previously unfiled Schedule or an amendment or supplement to the Schedules**, or be forever barred from so doing, and such deadline shall be contained in any notice of such amendment or supplement of the Schedules provided to the holders of claims affected thereby.

6.      RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

---

**If you require additional information regarding the filing of a Proof of Claim, you may contact the Debtors' Claims and Noticing Agent directly at: Cano Health, Inc. *et al*., Claims Processing Center, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, Suite 300 El Segundo, California 90245 or by telephone at (888) 251-2679 (toll free) or (310) 751-2609 (international) or by e-mail at https://www.kccllc.net/CanoHealth/Inquiry**

**A holder of a possible claim against the Debtors should consult an attorney if such holder has any questions regarding this Notice, including whether the holder should file a Proof of Claim.**

---

Dated:   Wilmington, Delaware                                    **BY ORDER OF THE COURT**
_____, 2024

| RICHARDS, LAYTON & FINGER, P.A. | WEIL, GOTSHAL & MANGES LLP |
|---|---|
| Mark D. Collins (No. 2981) | Gary T. Holtzer (admitted *pro hac vice*) |
| Michael J. Merchant (No. 3854) | Jessica Liou (admitted *pro hac vice*) |
| Amanda R. Steele (No. 5530) | Matthew P. Goren (admitted *pro hac vice*) |
| 920 North King Street | 767 Fifth Avenue |
| Wilmington, Delaware 19801 | New York, New York 10153 |
| Telephone: 302-651-7700 | Telephone:  (212) 310-8000 |
| Email: collins@rlf.com, merchant@rlf.com | Emails: gary.holtzer@weil.com, jessica.liou@weil.com |
| steele@rlf.com | matthew.goren@weil.com |
| ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION ||

8