UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------- x
:
**In re**                                                    :   Chapter 11
:
**CANO HEALTH, INC., *et al*.,**                             :   Case No. 24–10164 (KBO)
:
Debtors.[1]                                                  :   (Jointly Administered)
:
------------------------------------------------------------- x

**DECLARATION AND DISCLOSURE STATEMENT OF BRIAN V. BREHENY,
ON BEHALF OF SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

I, Brian V. Breheny, hereby declare, pursuant to section 1746 of title 28 of the United States Code, that the following is true to the best of my knowledge, information, and belief:

1. I am a partner of Skadden, Arps, Slate, Meagher & Flom LLP located at, among other locations, The Washington Building, 1440 New York Ave. NW, Washington D.C., 20005 (the "**Firm**").

2. This declaration (the "**Declaration**") is submitted in accordance with the *Order Pursuant to 11 U.S.C. §§ 105(a), 327, and 330 Authorizing Debtors to Employ Professionals Used in Ordinary Course of Business* [Docket No. 244] (the "**OCP Order**"). Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to such terms in the OCP Order.

---

[1] The last four digits of Cano Health, Inc.'s tax identification number are 4224. A complete list of the Debtors in the chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/CanoHealth. The Debtors' mailing address is 9725 NW 117th Avenue, Miami, Florida 33178.

3. Cano Health, Inc. and certain of its subsidiaries, as debtors and debtors in possession (collectively, the "**Debtors**"), have requested that the Firm provide legal services to the Debtors related to Securities and Exchange Commission (the "**SEC**") reporting and compliance, an SEC enforcement investigation, and banking matters, and the Firm has consented to provide such services.

4. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons who are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties-in-interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, its attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

5. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

6. Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates, with respect to the matters on which the Firm is to be retained.

7. The Debtors owe the Firm $212,932.44 for prepetition services, the payment of which is subject to the limitations contained in the Bankruptcy Code.

8. As of the Petition Date, the Firm was not party to an agreement for indemnification with the Debtors.

9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 4, 2024

By: _____
Brian V. Breheny
Partner
Skadden, Arps, Slate, Meagher & Flom LLP

3