**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------- x
                                                         :
In re                                                    :      Chapter 11
                                                         :
CANO HEALTH, INC., et al.,                               :      Case No. 24–10164
                                                         :
          Debtors.¹                                      :      (Jointly Administered)
                                                         :
                                                         :      Re: Docket No. 700
                                                         :
-------------------------------------------------------- x
```

**DECLARATION OF CLAYTON GRING IN SUPPORT
OF THIRD OMNIBUS MOTION OF DEBTORS PURSUANT
TO 11 U.S.C. §§ 105(a), 365(a), AND 554(a) AND FED. R. BANKR. P. 6006
AND 6007 (I) AUTHORIZING THE DEBTORS TO (A) REJECT CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF NONRESIDENTIAL
REAL PROPERTY, AND (B) ABANDON *DE MINIMIS* PROPERTY
IN CONNECTION THEREWITH, AND (II) GRANTING RELATED RELIEF**

I, Clayton Gring, pursuant to section 1746 of title 28 of the United States Code, hereby declare the following is true to the best of my knowledge, information, and belief:

1.      I am a Partner and Managing Director at AlixPartners LLP ("**AlixPartners**"), a global independent restructuring consulting firm that specializes in providing restructuring advisory services, and has assisted, advised, and provided strategic advice to debtors, creditors, bondholders, investors, and other entities in numerous chapter 11 cases of similar size and complexity to these chapter 11 cases.  I have been employed by AlixPartners since 2016.

2.      I received a Bachelor of Business Administration from Southern Methodist University and a Masters of Business Administration from University of Texas.  I have advised on several large-scale restructurings, including, among others, Fieldwood Energy, Phoenix Services,

---

¹  The last four digits of Cano Health, Inc.'s tax identification number are 4224.  A complete list of the Debtors in the chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.kccllc.net/CanoHealth.  The Debtors' mailing address is 9725 NW 117th Avenue, Miami, Florida 33178.

Ditech Holdings, C&J Energy Services, Pacific Drilling, Refco, New Century and General Growth Properties.  Prior to my time at AlixPartners, I served as Chief Financial Officer of a midstream oil & gas company in Midland, Texas.  I have approximately 20 years of restructuring experience in providing both interim management and advisory services.

3.      AlixPartners has served as financial advisor to Cano Health, Inc. and certain of its subsidiaries (collectively, the "**Debtors**") since November 3, 2023.  I am knowledgeable and generally familiar with the Debtors' day-to-day operations, books and records, business and financial affairs, and the circumstances leading to the commencement of these chapter 11 cases.  I am also familiar with the Debtors' supply chain and the status of the Debtors' relationships with various vendors, suppliers, and service-providers.

4.      Beginning on February 4, 2024 (the "**Petition Date**"), the Debtors each commenced with the Court a voluntary case under chapter 11 of the United States Code (the "**Bankruptcy Code**").  By the order dated March 5, 2024, the Court approved the Debtors' retention of AlixPartners as their financial advisors in these chapter 11 cases [Docket No. 256].  I submit this declaration (the "**Declaration**") in support of the *Third Omnibus Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 365(a), and 554(a) and Fed. R. Bankr. P. 6006 and 6007 (I) Authorizing the Debtors to (A) Reject Certain Executory Contracts and Unexpired Leases of Nonresidential Real Property, and (B)Abandon De Minimis Property in Connection Therewith, and (III) Granting Related Relief* (the "**Motion**").[2]

5.      Except as otherwise indicated, the facts set forth in this Declaration are based upon my personal knowledge, input from the Debtors' management team and professional advisors, including the AlixPartners team working under my supervision, my review of relevant

---

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

documents and information concerning the Debtors' operations, financial affairs, and restructuring initiatives, or my opinion based upon my experience, knowledge, and information concerning the operations of the Debtors.  I am not being compensated specifically for this testimony other than through payments received by AlixPartners as a professional retained by the Debtors.  If called upon to testify, I would testify to the facts set forth in this Declaration.  I am authorized to submit this Declaration on behalf of the Debtors.

### The Third Omnibus Rejection Motion

6.       The Debtors have determined in their business judgment that certain executory contracts (the "**Contracts**") and real property leases associated with their medical center and pharmacy locations that have closed since the Petition Date or never became operational and are currently vacant (the "**Leases**") are unnecessary and burdensome to the Debtors' estates and should be rejected.  Based on my review of the relevant agreements and discussions with certain members of the Debtors' management team, and the Debtors' other advisors, I believe that rejection of the Contracts and Leases, including any amendments, supplements, or modifications thereto, each as set forth on **Schedule 1** and **Schedule 2** to the Proposed Order, respectively, effective as of the Rejection Date, is in the best interest of the Debtors and their estates.

7.       The Contracts and Leases generally fall into the following categories, each of which is described in further detail below: (i) IT Contracts, (ii) Facilities Management Contracts, (iii) Medical Operations Support Contracts, (iv) Medical Equipment and Services Contracts, (v) HR Support Contracts, (vi) Legal Support Contracts, (vii) Pharmacy Operations Contracts, and (viii) the Leases.

A.       **The Information Technology Contracts**

8.       The Debtors are party to certain information technology, software analytics, and managed service provider agreements set forth on **Schedule 1** to the Proposed Order

3

(collectively, the "**IT Contracts**") with certain information technology and software counterparties (the "**IT Vendors**"). The IT Contracts provide for, among other things, the Debtors' use of healthcare analytics, patient data management solutions, and technology systems support. In light of the Debtors' decision to exit certain markets and reassess operations across their remaining portfolio of medical centers, the Debtors have sought to consolidate vendors where feasible, or phase out services that are no longer needed.

9. The Debtors have ceased using the services provided under each of the IT Contracts. The IT Contracts, therefore, no longer confer any benefit to the Debtors or their estates. Unless the Debtors are authorized to reject the IT Contracts effective as of the Rejection Date, the Debtors will continue to incur unnecessary costs under such agreements. Accordingly, the Debtors have determined, in the exercise of their business judgment, that it is in their best interest to reject the IT Contracts as of the Rejection Date to eliminate further financial burden and postpetition administrative costs to the estates that would otherwise arise from such contracts.

**B.  The Facilities Management Contracts**

10. The Debtors are party to a waste management agreement, as set forth on **Schedule 1** to the Proposed Order (the "**Facilities Management Contract**") to provide maintenance and upkeep across their leased medical center locations. The Debtors no longer require the services under the Facilities Management Contract. Therefore, to avoid incurring undue administrative expenses on behalf of the Debtors' estates that would otherwise arise from the Facilities Management Contract, the Debtors seek authority to reject the Facilities Management Contract as of the Rejection Date.

**C.  The Medical Operations Support Contracts**

11. The Debtors are party to certain vendor agreements set forth on **Schedule 1** to the Proposed Order to provide administrative support services in connection with their medical

4

centers (the "**Medical Operations Support Contracts**"), including without limitation, research services, provider services, staffing services, and patient transport services.  In connection with the ongoing evaluation and review of their portfolio of health and wellness centers, the Debtors have determined, in their business judgment, they no longer require the services under the Medical Operations Support Contracts.  As the Medical Operations Support Contracts no longer confer any benefit to the Debtors or their estates, the Debtors seek authority to reject each of the Medical Operations Support Contracts as of the Rejection Date.

D.      **The Medical Equipment and Services Contracts**

12.      The Debtors, in the normal course of administering their health and wellness businesses, are party to a medical supply purchasing agreement as set forth on **Schedule 1** to the Proposed Order (the "**Medical Equipment and Services Contract**").  The Debtors have determined, in their business judgment, that certain products and services provided under the Medical Equipment and Services Contract are no longer needed, or can be sourced from other vendors.  To preserve and maximize the value of their estates, and avoid incurring expenses that are no longer integral to the Debtors' business operations and chapter 11 efforts, the Debtors seek authority to reject the Medical Equipment and Services Contract as of the Rejection Date.

E.      **The HR Support Contracts**

13.      The Debtors are parties to certain agreements to provide employee recruiting and onboarding software services, as well as to administer a cloud-based employee stock plan platform, as set forth on **Schedule 1** to the Proposed Order (the "**HR Support Contracts**"), that were previously utilized to support the Debtors' various human resources functions.  The Debtors no longer require the services under the HR Support Contracts.  As continued payment and performance under the HR Support Contracts is not in the best interests of the Debtors' estates

5

and would be an unnecessary waste of estate resources, the Debtors seek authority to reject the HR Support Contracts as of the Rejection Date.

**F.    The Legal Support Contracts**

14.    The Debtors are parties to certain legal support agreements with counterparties that provide legal services and related analysis in connection with the operations of their health and wellness businesses, as set forth on **Schedule 1** to the Proposed Order (the "**Legal Support Contracts**").  The Debtors have determined in their business judgment they no longer require use of these services. As such, in the interest of minimizing additional administrative expenses and preserving resources for the Debtors estates, the Debtors seek authority to reject the Legal Support Contracts as of the Rejection Date.

**G.    The Pharmacy Operations Contracts**

15.    The Debtors are party to a pharmacy automation solutions agreement set forth on **Schedule 1** to the Proposed Order (the "**Pharmacy Operations Contract**").  The Debtors, together with their advisors, have made the strategic decision to no longer pursue the development of a wholly-owned pharmacy distribution network.  To that end, retaining the Pharmacy Operations Contract would be uneconomical and burdensome to the Debtors and their estates. Accordingly, to avoid the accrual of unnecessary administrative expenses with no foreseeable benefit to the Debtors' estates, the Debtors seek authority to reject the Pharmacy Operations Contract as of the Rejection Date.

**H.    The Leases**

16.    Since the Petition Date, the Debtors have continued to assess their lease portfolio and rationalize their medical center footprint.  To aid in their assessment, the Debtors engaged Hilco to, among other things, evaluate the economics of their leases.  By the Motion, the

WEIL:\99517031\8\33098.0017

Debtors, in their reasonable business judgment, seek authority to reject the Leases, *nunc pro tunc* to the Rejection Date.

17.     After carefully considering a number of factors, including the revenue, occupancy costs, and capital and business planning variables surrounding each Lease, the Debtors concluded the Leases do not meet the requisite performance criteria to rationalize their continued operation.  The Leases are vacant because the Debtors have ceased operations at those properties, and have no go-forward value to the Debtors.  Given the rents and current market conditions associated with the Leases, the overall losses the Debtors have been incurring in connection therewith, and the lack of strategic value provided by the Leases to the Debtors' go-forward business plan, the Debtors have concluded, in consultation with their other advisors, that the Leases are unlikely to generate significant value for their estates.

18.     One of the Leases relates to the Debtors' pharmacy business (the "**Pharmacy Lease**").  Though the Debtors previously considered launching a wholly-owned and operated pharmaceutical distribution network, the Pharmacy Lease never became operational.[3] After thoroughly evaluating the viability of resuming plans to pursue an integrated pharmacy distribution offering, including operating costs, current health care market dynamics, and capital planning variables surrounding the previously contemplated pharmacy distribution offering, the Debtors have decided not to pursue this initiative.  Given the underutilization of the space, and the continued accrual of administrative expenses despite the fact that the Debtors are no longer planning to build out their own pharmaceutical distribution system, the Debtors have concluded,

---

[3]     Given the Debtors never commenced their integrated pharmacy distribution operations, there are no patient records, pharmaceuticals, medications, or other medical waste at the Pharmacy Lease, or otherwise stored within equipment located at the Pharmacy Lease.

WEIL:\99517031\8\33098.0017

in consultation with their advisors, that the Pharmacy Lease is no longer necessary for the operation of their business.

19.     As of the Rejection Date, the Debtors have already vacated the Premises, including the Premises for the Pharmacy Lease, and no patients currently or will in the future be treated at these facilities.  As such, the Debtors have determined, in the exercise of their business judgment, that it is in the best interests of their estates to seek authority to reject the Leases. Rejecting the Leases will allow the Debtors to avoid the accrual of unnecessary administrative expenses that would otherwise arise from such leases with no foreseeable benefits to their estates.

20.     The Debtors also request authority to abandon certain fixtures and equipment remaining on the premises subject to the Leases (the "**Premises**"), that the Debtors have determined, in the exercise of their business judgment, will be exceedingly difficult or expensive to remove or store (the "**Remaining Property**").[4]  The Debtors estimate that the Remaining Property is of *de minimis* value; therefore, the Debtors will not realize any economic benefit by retaining the Remaining Property.[5]  Accordingly, the Debtors request authority to abandon any Remaining Property at the Premises.

21.     Therefore, based on my discussions with certain members of the Debtors' management team and the Debtors' advisors, I believe that it is in the best interests of the Debtors and their estates to reject the Contracts and Leases, effective as of the Rejection Date, to permit the Debtors to preserve and maximize the value of their estates for the benefit of all of their stakeholders.

---

[4]     For the avoidance of doubt, the Debtors are not seeking authority to abandon any patient records.

[5]     With respect to the Pharmacy Lease, the Debtors are in discussions with the Landlord regarding the removal of certain *de minimis* pharmacy equipment.

WEIL:\99517031\8\33098.0017

22.    I declare under penalty of perjury that, after reasonable inquiry, the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed:  April 30, 2024

*/s/ Clayton Gring*
Clayton Gring
Partner & Managing Director

*AlixPartners LLP*