# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CANO HEALTH, INC.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-10164 (KBO)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: July 5, 2024 at 4:00 p.m. (ET)** |

**SUMMARY OF THIRD MONTHLY FEE STATEMENT OF QUINN EMANUEL URQUHART & SULLIVAN, LLP AS SPECIAL COUNSEL TO THE DEBTOR CANO HEALTH, INC. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM APRIL 1, 2024, THROUGH APRIL 30, 2024**

| | |
|---|---|
| Name of Applicant: | Quinn Emanuel Urquhart & Sullivan, LLP |
| Authorized to Provide Professional Services to: | Debtor Cano Health, Inc. |
| Date of Retention: | *Nunc pro tunc* to the Petition Date of February 4, 2024 (Order entered March 5, 2024) |
| Amount of Compensation sought as actual, reasonable, and necessary: | $291,528.40 (80% of $364,410.50) |
| Amount of Expense Reimbursement sought as actual, seasonable, and necessary: | $9,472.51 |
| This is a monthly fee statement. | |

---

[1] The last four digits of Cano Health, Inc.'s tax identification number are 4224. A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/CanoHealth. The Debtors' mailing address is 9725 NW 117th Avenue, Miami, Florida 33178.

## PRIOR MONTHLY APPLICATIONS

| Date Filed/ Docket No. | Period Covered | Requested (100%) | | Approved (80%) | | CNO Filed/ Docket No. |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | |
| 4/15/24; 650 | 2/4/24-2/29/24 | $217,705.00 | $1,278.73 | $174,164.00 | $1,278.73 | 5/7/24; 779 |
| 5/22/24; 871 | 3/1/24-3/31/24 | $459,890.50 | $10,085.16 | $367,912.40 | $10,085.16 | |

## PRIOR QUARTERLY APPLICATIONS

| Date Filed/ Docket No. | Period Covered | Requested | | Approved | | Order Entered/ Docket No. |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | |
| N/A | | | | | | |

## COMPENSATION BY INDIVIDUAL

| Name | Position | Year of Admission | Hourly Rate | Total Hours | Total Compensation |
|---|---|---|---|---|---|
| Kristin Tahler | Partner | 2003 | $1,810.00 | 3.0 | $5,430.00 |
| Benjamin Finestone | Partner | 2005 | $1,810.00 | 24.4 | $44,164.00 |
| Katherine A. Scherling | Counsel | 2010 | $1,570.00 | 26.9 | $42,233.00 |
| Anil Makhijani | Associate | 2013 | $1,515.00 | 73.3 | $111,049.50 |
| Melanie Guzman | Associate | 2019 | $1,395.00 | 5.9 | $8,230.50 |
| Michael Wittmann | Associate | 2023 | $1,060.00 | 27.8 | $29,468.00 |
| Carla Neye | Associate | 2024 | $940.00 | 90.5 | $85,070.00 |
| Alfonso Sanchez-Eguibar | Law Clerk | | $645.00 | 47.3 | $30,508.50 |
| Barbara J. Howell | Paralegal | | $550.00 | 10.5 | $5,775.00 |
| Dave Scholz | Graphics Coodinator | | $550.00 | 1.3 | $715.00 |
| Brenda Hunter | Litigation Support | | $190.00 | 9.3 | $1,767.00 |
| Total | | | | 320.2 | $364,410.50 |

2

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| CAN01-Case Administration | 1.7 | $935.00 |
| CAN02-Fee/Employment Application | 10.3 | $7,195.00 |
| CAN04-Related Party/D&O Investigation | 304.1 | $348,907.50 |
| CAN05-Attend Court Hearing | 0.0 | $0.00 |
| CAN08-Plan and Disclosure Statement | 4.1 | $7,373.00 |
| Total | 320.2 | $364,410.50 |

## EXPENSES SUMMARY

| Expense Category | Total Expense |
|---|---|
| Express Mail | |
| Velobind | |
| Document Services (outside copy companies) | |
| Tabs | |
| 2 inch binder | |
| Document Reproduction ($.10 per page) | $24.00 |
| Color Document Reproduction ($.25 per page) | $24.75 |
| Media Create/Dup (per unit) | |
| RelOne User Fee | $800.00 |
| RelOne TIFF (per page) | |
| RelOne Processing | $1,028.25 |
| RelOne Repository Hosting (Per GB) | $552.31 |
| RelOne Active Hosting (Per GB) | $2,332.00 |
| RelOne Repository Ingestion | $4,711.20 |
| Total | $9,472.51 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CANO HEALTH, INC.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-10164 (KBO)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: July 5, 2024 at 4:00 p.m. (ET)** |

**THIRD MONTHLY FEE STATEMENT OF QUINN EMANUEL URQUHART & SULLIVAN, LLP AS SPECIAL COUNSEL TO DEBTOR CANO HEALTH, INC. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM APRIL 1, 2024, THROUGH APRIL 30, 2024**

Pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and rule 2016 of the Federal Rules of Bankruptcy Procedure, Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") hereby files its Third Monthly Fee Statement of Quinn Emanuel Urquhart & Sullivan, LLP, as Special Counsel to Debtor Cano Health, Inc. for Allowance of Compensation and Reimbursement of Expenses for the Period from April 1, 2024, through April 30, 2024 (the "Application"), and moves the Court for an Order granting Quinn Emanuel reasonable compensation for professional legal services rendered as special counsel to Cano Health, Inc., (the "Debtor" and, collectively with certain of its subsidiaries, as debtors and debtors in possession, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") in the amount of $291,528.40 (80% of $364,410.50), together with reimbursement for actual and necessary expenses incurred in the amount of $9,472.51 for the

---

[1] The last four digits of Cano Health, Inc.'s tax identification number are 4224. A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/CanoHealth. The Debtors' mailing address is 9725 NW 117th Avenue, Miami, Florida 33178.

period April 1, 2024, through April 30, 2024 (the "Fee Period"). In support of the Application, Quinn Emanuel respectfully represents as follows:

1. Beginning on February 4, 2024, the Debtors each filed their voluntary petitions under chapter 11 of the Bankruptcy Code.

2. On February 15, 2024, Debtor Cano Health, Inc. filed its Application Pursuant to 11 U.S.C. §§ 327, 328, and 330 and Fed. R. Bankr. P. 2014(a) and 2016 for Entry of an Order Authorizing the Retention and Employment of Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel (D.I. 146).

3. Also on February 15, 2024, the Debtors filed their Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 330, and 331 and Fed. R. Bankr. P. 2016 for Entry of Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, and (II) Granting Related Relief (D.I. 141).

4. On March 5, 2024, the Court entered an Order Pursuant to 11 U.S.C. §§ 327, 328, and 330 and Fed. R. Bankr. P. 2014(a) and 2016 for Entry of an Order Authorizing the Retention and Employment of Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel (the "Retention Order") (D.I. 257) and the Order Pursuant to 11 U.S.C. §§ 105(a), 330, and 331 and Fed. R. Bankr. P. 2016 (I) Establishing Procedures for Interim Compensation and Reimbursement of Expense of Professionals, and (II) Granting Related Relief (the "Interim Compensation Order") (D.I. 243).

5. The Interim Compensation Order permits the Debtors' professionals to seek compensation for professional services rendered and reimbursement of expenses on a monthly basis by filing a monthly fee statement and serving the parties listed below (the "Notice Parties").

    a. the Debtors, c/o Cano Health, Inc., Attn: Eladio Gil, David Armstrong, Jonathan Biggert, and Kaitlyn Sundt, 9725 NW 117th Avenue, Suite 200, Miami, FL 33178 (eladio.gil@canohealth;

<ul>
<li></li>
</ul>

david.armstrong@canohealth.com; jonathan.biggert@canohealth.com; ksundt@alixpartners.com);

  b. counsel for the Debtors, (a) Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Gary T. Holtzer, Esq. (gary.holtzer@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew P. Goren, Esq. (matthew.goren@weil.com); and (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Michael J. Merchant, Esq. (merchant@rlf.com) and Amanda R. Steele, Esq. (steele@rlf.com);

  c. counsel to the Ad Hoc First Lien Group and the DIP Agent, (a) Gibson, Dunn & Crutcher, LLP, 200 Park Avenue, New York, New York 10166, Attn: Scott J. Greenberg, Esq (sgreenberg@gibsondunn.com), Michael J. Cohen, Esq (mcohen@gibsondunn.com), and Christina M. Brown, Esq. (christina.brown@gibsondunn.com); and (b) Pachulski, Stang, Ziehl & Jones LLP, 919 North Market Street, No. 1700, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com) and James O'Neill, Esq. (joneill@pszjlaw.com);

  d. the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801, Attn: Benjamin A. Hackman, Esq. (benjamin.a.hackman@usdoj.gov) and Jon Lipshie, Esq. (jon.lipshie@usdoj.gov); and

  e. counsel to the Creditors' Committee, (a) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Kris Hansen (krishansen@paulhastings.com) and Erez Gilad (erezgilad@paulhastings.com) and (b) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn: Justin R. Alberto (jalberto@coleschotz.com) and Andrew J. Roth-Moore (aroth-moore@coleschotz.com).

## SUMMARY OF SERVICES RENDERED

6. Attached hereto as Exhibit A is a detailed statement of fees incurred during the Fee Period, showing the total amount of fees incurred during the Fee Period is $364,410.50, 80% of which is $291,528.40.

## DISBURSEMENTS

7. Attached hereto as Exhibit B is a detailed statement of actual expenses paid during the Fee Period, showing the total amount of $9,472.51 for which Quinn Emanuel seeks

reimbursement. Pursuant to Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), Quinn Emanuel represents that: (i) its rate for copying charges is $0.10 per page for black and white copies and $0.25 per page for color copies; (ii) its rate for outgoing facsimile transmission charges do not exceed $0.25 per page, with no charge for incoming facsimiles: and (iii) when billed for computer-assisted legal research, the Debtor is billed no more than actual costs.

## VALUATION OF SERVICES

8. Attorneys and paraprofessionals of Quinn Emanuel have expended a total of 320.2 hours in connection with this matter during the Fee Period.

9. The amount of time spent by each of these persons providing services to the Debtor is fully set forth in the detailed statement attached hereto as Exhibit A. The hourly rates set forth therein are Quinn Emanuel's normal hourly rates of compensation for work of this nature. The reasonable value of the services rendered by Quinn Emanuel for the Fee Period is $364,410.50.

10. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount requested is fair and reasonable given (i) the complexity of the Chapter 11 Cases, (ii) the time expended, (iii) the nature and extent of the services rendered, (iv) the value of such services, and (v) the costs of comparable services other than in a case under chapter 11 of the Bankruptcy Code. In addition, Quinn Emanuel has reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with the requirements set forth therein.

[Remainder of Page Intentionally Left Blank]

**CONCLUSION**

WHEREFORE, Quinn Emanuel requests that the Court (i) authorize the Debtor to (a) pay Quinn Emanuel the sum of $291,528.40 (representing 80% of the total fees) as compensation for actual and necessary professional services it rendered to the Debtor during the Fee Period and (b) reimburse Quinn Emanuel the sum of $9,472.51 for the actual and necessary costs and expenses it incurred during the Fee Period, each in accordance with the Interim Compensation Order, and (ii) grant such other and further relief as the Court may deem just and proper.

Respectfully submitted this 14th day of June, 2024.

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: */s/ Benjamin Finestone*
Benjamin Finestone (admitted *pro hac vice*)
Anil Makhijani (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel.: (212) 849 7000
benjaminfinestone@quinnemanuel.com
anilmakhijani@quinnemanuel.com

*Special Counsel to Cano Health, Inc.*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 2016-2

I, Benjamin I. Finestone, hereby certify as follows:

1.  I am a partner in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP and have been admitted to practice pro hac vice in these bankruptcy cases.

2.  I have personally performed certain of the legal services rendered by Quinn Emanuel, as special counsel to the Debtor, and am generally familiar with all other work performed on behalf of the Debtor by the lawyers and paraprofessionals at Quinn Emanuel.

3.  The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information, and belief. Moreover, I have reviewed the requirements of Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware and submit that the Application complies with such requirements.

Dated: June 14, 2024

*/s/ Benjamin Finestone*
Benjamin Finestone